STATE OF NORTH CAROLINA v. ALLEN SHANKLE

No. 7020SC94

(Filed 1 April 1970)

**1. Assault and Battery § 14—** **"serious injury"** **— sufficiency of evidence**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the State's evidence that the prosecuting witness was shot in the right wrist and required medical treatment *is held* sufficient for the jury on the question of serious injury.

**2. Assault and Battery § 14— felonious assault — sufficiency of evidence**

In a prosecution of defendant, together with two co-defendants, for assaulting the prosecuting witness with a rifle with intent to kill inflicting serious injury, defendant was not entitled to a directed verdict on the ground that the State's evidence showed that he did not fire a shot at the witness, since there was sufficient evidence that defendant went to the witness' home in the company of the co-defendants and left with them, and that defendant brought the rifle to the co-defendants who fired the shots resulting in serious injury.

APPEAL by defendant from *Crissman, J.,* 10 October 1969 Session of RICHMOND Superior Court.

Allen Shankle, defendant herein, was charged with assault with a deadly weapon with intent to kill inflicting serious bodily injury not resulting in death. Defendant was represented by court-appointed counsel, was tried on the indictment and convicted. He appealed from the judgment entered on the verdict.

The evidence for the State tends to show that the defendant, his brother Richard Shankle, and Horace Strickland came to the trailer home of William Napier around 11:20 p.m. on 12 May 1969 to get a carburetor which Strickland had purchased from Napier. Napier got the carburetor and handed it to Strickland, at which time Allen Shankle approached with a rifle and handed it to Strickland. Strickland then pointed the rifle at Napier and said "I'm good mind to just kill you.", to which Napier replied that they were drunk and should go home and come back when they got straightened out. Strickland then fired two shots into the trailer and, at Richard's request, handed the rifle to Richard who fired three more shots into the trailer. Napier, who had been standing in his doorway, moved back into the trailer to escape injury but was hit in the right wrist by one of the bullets. Allen Shankle did not fire the rifle and the three men left after the fifth shot was fired. As a result of the wound, Napier went to the doctor, who administered medication and bandaged it. Napier went to the doctor a second time as a result of the wound and a scar still remains on his wrist. Napier testified that he was not drunk or drinking at the time in question.

Napier's testimony was substantially corroborated, without conflict, by his father and by Deputy Sheriff Robert Taylor.

Defendant's evidence, based on the testimony of Richard Shankle, tends to agree in substance with the State's evidence insofar as placing the three men at Napier's home at the time in question. However, Richard testified that though the three men had been drinking,

Napier also was "high" and was the one who actually fired all of the shots.

Attorney General Robert Morgan by Assistant Attorney General Millard R. Rich and Staff Attorney T. Buie Costen for the State.

James H. Pittman for defendant appellant.

MORRIS, J.

By his first assignment of error defendant contends that the warrant charged defendant with a misdemeanor, that the indictment charged a felony and the court erred in allowing the defendant to be tried on the indictment since he was entitled to a preliminary hearing on the felony charge. Defendant cites no authority for this position. He candidly admits that the bill of indictment is completely proper and concedes, in his argument, that this assignment of error is without merit.

[1] By assignment of error No. 2 defendant contends that he should not have been convicted of inflicting a serious injury when there was no evidence of any serious injury, only the injury to Napier's wrist. Whether that injury was serious is a jury question and is to be determined by the particular facts disclosed by the evidence. State v. Ferguson, 261 N.C. 558, 135 S.E. 2d 626 (1964). The jury found Napier's injury to be serious. Assignment of error No. 2 is overruled.

[2] Defendant, in assignment of error No. 3, contends that the court should have directed a verdict of not guilty as to Allen Shankle since there was no evidence that the three men were acting in concert or that Allen Shankle harmed or attempted to harm Napier. Defendant cites no authority for this position. The record contains no motion for dismissal as to this defendant at any stage of the trial. In any event, there is sufficient evidence in the record to warrant the court's sending the case to the jury. There is evidence that Allen Shankle rode in the same car with the other two men to Napier's home, that he brought the rifle to Horace Strickland and that he left with them. Assignment of error No. 3 is overruled.

For the reasons stated herein we find

No error.

MALLARD, C.J., and VAUGHN, J., concur.