STATE OF NORTH CAROLINA v. JAMES EDWARD WHITTED

No. 7214SC60

(Filed 29 March 1972)

1. Assault and Battery § 5— felonious assault — sufficiency of evidence

The State's evidence was sufficient for the jury in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury.

2. Criminal Law § 161— necessity for exceptions

Any error asserted on appeal must be supported by an exception duly taken and shown in the record. Court of Appeals Rules 19 and 21.

3. Assault and Battery § 15; Criminal Law § 114— serious injury — instructions — invasion of province of jury

In a prosecution for assault with a deadly weapon inflicting serious injury, the trial court invaded the province of the jury in instructing the jury that "you will find that there was serious injury, if you believe the evidence as it all tends to show here, no question about the serious injury."

APPEAL by defendant from *Hobgood, Judge,* 19 June 1971 Session of Superior Court, DURHAM County.

Defendant was charged under an indictment, proper in form, with assault with a deadly weapon, to wit: a pistol, with the intent to kill and inflicting serious injury. Defendant entered a plea of not guilty, and the jury returned a verdict of guilty. From a judgment imposing a prison sentence, defendant gave notice of appeal.

*Attorney General Morgan by Associate Attorney Kane for the State.*

*Witherspoon and Clayton, by Jerry B. Clayton, for defendant appellant.*

MORRIS, Judge.

[1] Defendant's first assignment of error is directed to the failure of the court to sustain his motion for nonsuit made at the end of the State's evidence and renewed at the end of all the evidence. There was plenary evidence upon which to submit this case to the jury, and the court properly overruled defendant's motions.

[2] The second and third assignments of error are directed to the judge's charge to the jury, but no exception to the jury instructions appears in the record on appeal. The Rules of Practice of the Court of Appeals and of the Supreme Court of North Carolina (19 and 21) require any error asserted on appeal to be supported by an exception duly taken and shown in the record. Exceptions appearing for the first time in the purported assignments of error present no question for appellate review. *State v. Jacobs*, 278 N.C. 693, 180 S.E. 2d 832 (1971).

However, we think defendant, by his purported assignment of error No. 3, has set out a portion of the court's charge which constitutes reversible error. We have, therefore, chosen to discuss it despite defendant's failure to comply with the rules.

The evidence for the State tends to show: That the defendant shot the prosecuting witness (Smith) with a pistol at the S. & S. Drive-In in Durham on 6 February 1971; that Smith was struck in the abdomen on the left side and then blacked out; that Smith regained consciousness at Duke Hospital where he remained for 13 days; that due to damage to his intestines, Smith had to use a colostomy for two months; that Smith lost 35 pounds after he was shot; and that Smith testified, "I have not been able to resume my duties in and around my business because I still have a bad leg. Presently, the nerves in my leg are injured, and I don't know whether or not I will ever have use of it again."

The defendant presented evidence from the assistant medical record librarian at the Duke University Medical Center which tends to show: That Smith was admitted to the emergency room on 6 February 1971; that he was given tetanus toxoid and operative procedure was performed ("exploratory laparotomy with closure of ileal and distal sigmoid perforations, resection of descending colon perforation, and diverting descending colon colostomy.") ; that Smith was admitted again later to close the colostomy and was discharged 21 May 1971; and that Smith "is to return as necessary for medical treatment relating to this wound."

[3] The trial court later instructed:

"I charge you for you to find the defendant guilty of assault with a deadly weapon inflicting serious injury, and

> *you will find that there was serious injury,* if you believe
> the evidence as it all tends to show here, *no question about
> the serious injury,* the State must prove three things beyond
> a reasonable doubt: First, that the defendant acted inten-
> tionally—that is not in self-defense; Second, that the
> defendant shot the prosecuting witness with a 38 caliber
> pistol; and third, that the 38 caliber pistol was a deadly
> weapon." (Emphasis supplied.)

The defendant was charged under the indictment with assault
with a firearm with intent to kill and *inflicting serious injury*
in violation of G.S. 14-32(a), and the jury returned a verdict
of guilty of this offense. The essential elements of the offense
are: (1) an assault, (2) with a deadly weapon, (3) with intent
to kill, (4) *inflicting serious injury,* (5) not resulting in death.
*State v. Meadows,* 272 N.C. 327, 158 S.E. 2d 638 (1968). There
must be a charge and evidence thereon of the element of inflict-
ing serious injury in order to sustain a conviction. *State v.
Hefner,* 199 N.C. 778, 155 S.E. 879 (1930). In this case the
trial court failed to instruct the jury that they must find
beyond a reasonable doubt that serious injury was inflicted.
Instead, he instructed the jury that, as a matter of law, "there
was serious injury." We cannot conceive of a jury's failing to
find serious injury from the facts of this case. Nevertheless,
to take from the jury their duty to find this element from
the facts was erroneous and prejudicial to the defendant. The
North Carolina Supreme Court, through Higgins, J., has said
that:

> "The term 'inflicts serious injury' means physical or bodily
> injury resulting from an assault with a deadly weapon with
> intent to kill. The injury must be serious but it must fall
> short of causing death. Further definition seems neither
> wise nor desirable. *Whether such serious injury has been
> inflicted must be determined according to the particular
> facts of each case.*" (Emphasis supplied.) *State v. Jones,*
> 258 N.C. 89, 91, 128 S.E. 2d 1 (1962).

The appellate courts of this State have subsequently reiterated
that whether serious injury has been inflicted must be de-
termined according to the particular facts of each case and is
a question the jury must answer under proper instructions.
*State v. Ferguson,* 261 N.C. 558, 135 S.E. 2d 626 (1964); *State
v. Shankle,* 7 N.C. App. 564, 172 S.E. 2d 904 (1970); *State v.*

*Parker,* 7 N.C. App. 191, 171 S.E. 2d 665 (1970). This case is distinguishable from *State v. Marshall,* 5 N.C. App. 476, 168 S.E. 2d 487 (1969), where this Court found no error in the trial court's instructions to the jury concerning serious injury. There the trial court instructed the jury that serious injury "means physical or bodily injury and this I feel needs no further definition," but correctly left the question of whether the particular injury was serious for the jury to determine. Mere inaccuracies in the definition of serious injury, under certain circumstances, may not be prejudicial error. *State v. Birchfield,* 235 N.C. 410, 70 S.E. 2d 5 (1952); *State v. Hefner, supra.* The trial court's error in this case was, however, more serious because it invaded the province of the jury.

The following well-established principles are stated in *State v. Swaringen,* 249 N.C. 38, 105 S.E. 2d 99 (1958):

> "Defendants' pleas of not guilty put in issue each essential element of the crimes charged. *S. v. McLamb,* 235 N.C. 251, 69 S.E. 2d 537; *S. v. Cuthrell,* 233 N.C. 274, 63 S.E. 2d 549; *S. v. Brown,* 225 N.C. 22, 33 S.E. 2d 121; *S. v. Yow,* 227 N.C. 585, 42 S.E. 2d 661.
>
> The State had the burden of establishing beyond a reasonable doubt each element of the crime. Proof must be made without intimation or suggestion from the court that the controverted facts have or have not been established. G.S. 1-180.
>
> The assumption by the court that any fact controverted by a plea of not guilty has been established is prejudicial error. *S. v. Cuthrell,* 235 N.C. 173, 69 S.E. 2d 233; *S. v. Love,* 229 N.C. 99; 47 S.E. 2d 712; *S. v. Snead,* 228 N.C. 37, 44 S.E. 2d 359; *S. v. Minton,* 228 N.C. 15, 44 S.E. 2d 346; *Ward v. Mfg. Co.,* 123 N.C. 248.
>
> The fact that the expression of opinion was unintentional or inadvertent does not make it less prejudicial. *S. v. Canipe,* 240 N.C. 60, 81 S.E. 2d 173; *Miller v. R.R.,* 240 N.C. 617, 83 S.E. 2d 533; *S. v. Shinn,* 234 N.C. 397, 67 S.E. 2d 270; *S. v. Simpson,* 233 N.C. 438, 64 S.E. 2d 568.
>
> Nor does the manner in which counsel examines the witnesses or argues the case to the jury justify the court in

assuming the existence of an essential fact. *S. v. Ellison,* 226 N.C. 628, 39 S.E. 2d 824. There must be a judicial admission before the existence of an essential element of a crime can be stated as a fact. *S. v. Hairr, supra* [244 N.C. 506, 94 S.E. 2d 472]." 249 N.C., at 39-40.

The error in the quoted portions of the charge is sufficiently prejudicial to require a

New trial.

Chief Judge MALLARD and Judge PARKER concur.