STATE OF NORTH CAROLINA v. BILLY RAY BROWN

No. 7420SC213

(Filed 15 May 1974)

**Assault and Battery § 16— assault with a deadly weapon with intent to kill inflicting serious injury**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, defendant was not entitled to an instruction on the lesser included offense of assault with a deadly weapon, since the uncontradicted evidence offered by the State showed a shooting of the prosecuting witness, immediate hospitalization, and treatment for the wounds.

APPEAL by defendant from *Copeland, Judge*, 20 August 1973 Session of Superior Court held in UNION County. Argued in the Court of Appeals 18 April 1974.

State v. Brown

Defendant was tried upon a bill of indictment charging him with assault with intent to kill, inflicting serious injury.

The State's evidence tended to show that on 2 June 1973, at an establishment called Sleepy Allen's in Monroe, North Carolina, defendant was standing outside Sleepy Allen's with a gun in his hand. Defendant aimed the gun at the building where the prosecuting witness was standing. John Funderburk, who had been drinking with defendant on the evening in question, grabbed defendant's arm but, as he did so, the pistol discharged. Ralph Meadows, the prosecuting witness, was standing in the building approximately twelve feet from the defendant when the gun discharged. Meadows was wounded in the groin and the right leg. Meadows was hospitalized and received treatment several times after his release.

The defendant offered no evidence. From a verdict of guilty, and judgment entered thereon, defendant appealed to this Court.

*Attorney General Morgan, by Associate Attorney Oettinger, for the State.*

*Joe P. McCollum, Jr., for the defendant.*

BROCK, Chief Judge.

Defendant contends the trial court committed error in charging the jury on assault inflicting serious injury, but not charging on assault with a deadly weapon. Defendant was charged in the bill of indictment with assault with a deadly weapon with intent to kill, inflicting serious injury.

There can be no doubt that if an assault occurred, it was an assault with a deadly weapon which inflicted serious injury. Uncontradicted evidence offered by the State shows a shooting of the prosecuting witness in the groin and right leg, bleeding of the witness, immediate hospitalization, and treatment for the wounds. Therefore, defendant was not entitled to an instruction on the lesser offense of assault with a deadly weapon. This assignment of error is overruled.

No error.

Judges PARKER and BALEY concur.