STATE OF NORTH CAROLINA v. CURTIS TURNER

No. 7414SC419

(Filed 5 June 1974)

1. **Criminal Law § 169— failure to show what witness's answer would have been — exclusion not prejudicial**

Defendant failed to show prejudice in the exclusion of a witness's answer on cross-examination where the record does not show what the witness would have said had he been allowed to answer.

2. **Criminal Law § 34— prior offense — question as to sentence proper**

The district attorney's question put to defendant with respect to the type of sentence defendant had received in another county in connection with a separate crime was proper.

State v. Turner

3. **Criminal Law § 97— appearance of witness after beginning of jury deliberations — exclusion of testimony proper**

The trial court did not err in refusing to permit defendant to introduce testimony of a witness who did not arrive in the courtroom until the jury had already begun its deliberations where defendant made his request and the court conducted a voir dire to determine the importance of the witness's testimony before denying the request.

4. **Criminal Law § 111; Assault and Battery § 15— improper punctuation of instructions — no prejudicial error**

Though the insertion of periods in the trial court's instructions would have made the instructions clearer, such errors in the transcript of the proceedings did not prejudice defendant.

5. **Assault and Battery § 16— assault with deadly weapon with intent to kill inflicting serious injury — failure to submit lesser included offenses — no error**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury where the evidence tended to show that the victim was shot in his chest with a .38 caliber pistol, the victim was treated in the hospital for eleven days and the hospital bill was over $3500, all the evidence showed serious injury; therefore, it was not error for the trial court to fail to submit to the jury any lesser included offense which did not contain serious injury as an element. G.S. 14-32.

APPEAL by defendant from *Clark, Judge,* 22 October 1973 Session of Superior Court held in DURHAM County.

Defendant was charged with an assault with a deadly weapon with intent to kill inflicting serious injury by shooting James Wesley Crews in his chest with a .38 cal. pistol. The offense was alleged to have occurred on 4 August 1973. A jury found defendant guilty "as charged," and the court entered judgment imposing prison sentence of not less than 7 nor more than 10 years. Defendant appealed.

*Attorney General Robert Morgan, by Kenneth B. Oettinger, Associate Attorney, for the State.*

*Loflin, Anderson & Loflin, by Thomas B. Anderson, Jr., for defendant appellant.*

BRITT, Judge.

[1] By his first assignment of error, defendant contends the court erred in sustaining the district attorney's objection to a question propounded by defendant's counsel to a State's witness on cross-examination. The record does not disclose what the answer to the question would have been had the witness been

allowed to answer, therefore, defendant has failed to show preju-
dice. *State v. Felton,* 283 N.C. 368, 196 S.E. 2d 239 (1973).
The assignment is overruled.

Defendant does not bring forward in his brief any argu-
ment with respect to his assignment of error No. 2, therefore,
it is deemed abandoned.

**[2]**  By his assignment of error No. 3, defendant contends the
court erred in overruling his objection to the district attorney's
question to defendant on cross-examination with respect to the
"type of sentence" defendant received in Jones County in an-
other case. Defendant had testified on direct examination that
at the time of the offense for which he was being tried, he was
"on parole for second-degree murder in the death of his wife";
that he pleaded guilty to that charge. On cross-examination, the
district attorney asked defendant as to the type of sentence he
received in Jones County (in connection with the murder of his
wife). The court overruled defendant's objection to the question
and defendant answered twenty years. Without further objec-
tion, defendant was asked how much time remained on that sen-
tence and he answered 9 years and 15 days; and to the question
"That is what you would receive if your parole was revoked,"
he answered, "Yes, sir."

We do not think the question objected to was improper in
this case. As to the two questions which followed, no objections
were made as to them, therefore, defendant is in no position
to complain. The assignment of error is overruled.

**[3]**  Defendant assigns as error No. 4 the failure of the court
to permit him to introduce the testimony of a witness who did
not arrive in the courtroom until after all other evidence had
been presented, arguments to the jury had been made, the
court's instructions to the jury had been given, and the jury
had begun its deliberations. We find no merit in this assignment.
Defendant's request to be allowed to introduce further testi-
mony was addressed to the sound discretion of the trial judge,
and his ruling is not reviewable on appeal unless abuse of dis-
cretion is shown. *State v. Shutt,* 279 N.C. 689, 185 S.E. 2d 206
(1971) ; *State v. Jackson,* 265 N.C. 558, 144 S.E. 2d 584 (1965).
The record discloses that when defendant's request was made,
the court conducted a *voir dire* to determine the importance of
the witness' testimony. Following the *voir dire,* the trial judge
stated: "Well, the court elects, in its discretion, not to call the

jury out to hear this witness. I think that this witness' testimony would be conflicting with the testimony offered by the defendant and maybe his witness, possibly Hazel Roper, and may do him more harm than good." We perceive no abuse of discretion and the assignment of error is overruled.

By his assignments of error Nos. 5 and 6, based on his exceptions Nos. 5 and 6, defendant contends the court erred in charging the jury (1) that defendant had the specific intent to kill the prosecuting witness, and (2) that defendant inflicted serious bodily injury upon the prosecuting witness. The portions of the charge pertinent to these exceptions appear in the record as follows:

> "Now for you to find the defendant guilty of the offense charged in the Indictment, it is incumbent upon the State to satisfy you from the evidence and beyond a reasonable doubt of the following: That the defendant acted intentionally and without justification or excuse, such as in self-defense, and that the defendant used a deadly weapon. (I instruct you that a .38 caliber revolver is, as a matter of law, a deadly weapon; that the defendant had the specific intent to kill James Crews.)

> EXCEPTION No. 5.

> (Now, intent, Members of the jury, is a state of mind which is seldom, if ever, capable of direct or positive proof and must be inferred, if inferred at all, from all of the surrounding circumstances that the defendant inflicted serious bodily injury upon James Crews.)

> EXCEPTION No. 6."

[4] Considered in context, the *words* set forth within the parentheses are proper; only the punctuation, or lack of punctuation, causes us difficulty. Certainly, the bench and bar cannot expect perfection in the transcription of trial court proceedings, particularly jury instructions. With respect to the portion of the charge challenged by exception No. 5, while a period rather than a semicolon following the word "weapon" would have indicated better a complete break in instructions, we think there is sufficient indication that there was a break between the instruction regarding a deadly weapon and the instruction with regard to specific intent to kill.

With respect to the portions of the charge challenged by exception No. 6, our task in visualizing just how the judge gave the instructions becomes more difficult. Were there a period— or even a semicolon—after the word "circumstances," there would be no problem. Nevertheless, when we consider the fact that the judge in stating the elements of the offense alleged, began each element with the word "that," and that the words "from all of the surrounding circumstances" clearly relate to the element of intent, we are convinced that in transcribing the charge, a period or semicolon following the word "circumstances" was inadvertently left out. The assignments of error are overruled.

By his assignment of error No. 7, defendant contends the trial court erred in failing to instruct the jury that they could return a verdict on the evidence in this case of the lesser included offenses of assault with a firearm with intent to kill and the misdemeanor of assault with a deadly weapon. The court instructed the jury that they could return a verdict of guilty as charged, guilty of assault with a deadly weapon inflicting serious injury, or not guilty. This assignment is without merit.

G.S. 14-32, the statute under which defendant was indicted, has undergone various changes in recent years. At the time of the alleged offense, 4 August 1973, the statute provided as follows:

"Sec. 14-32. FELONIOUS ASSAULT WITH A FIREARM OR OTHER DEADLY WEAPON WITH INTENT TO KILL OR INFLICTING SERIOUS INJURY; PUNISHMENTS.

—(a) Any person who assaults another person with a deadly weapon with intent to kill and inflicts serious injury is guilty of a felony punishable by a fine, imprisonment for not more than ten (10) years, or both such fine and imprisonment.

(b) Any person who assaults another person with a deadly weapon and inflicts serious injury is guilty of a felony punishable by a fine, imprisonment for not more than five (5) years, or both such fine and imprisonment.

(c) Any person who assaults another person with a firearm with intent to kill is guilty of a felony punishable by a fine, imprisonment for not more than five (5) years, or both such fine and imprisonment."

State v. Turner

We think the question raised here was answered adversely to defendant in *State v. Thacker,* 281 N.C. 447, 189 S.E. 2d 145 (1972). In that case, the defendant was charged with felonious assault on two people on 10 March 1971. The evidence disclosed that the assaults were made with a knife with a 6-inch blade and that extensive wounds were inflicted on both victims, requiring lengthy hospitalization. On 10 March 1971, G.S. 14-32 provided as follows:

> "14-32. Assault with a firearm or other deadly weapon with intent to kill or inflicting serious injury; punishments.— (a) Any person who assaults another person with a firearm or other deadly weapon of any kind with intent to kill and inflicts serious injury is guilty of a felony punishable under G.S. 14-2.
>
> (b) Any person who assaults another person with a firearm or other deadly weapon per se and inflicts serious injury is guilty of a felony punishable by a fine or imprisonment for not more than five years, or both such fine and imprisonment.
>
> (c) Any person who assaults another person with a firearm with intent to kill is guilty of a felony punishable by a fine or imprisonment for not more than five years, or both such fine and imprisonment."

In each case in *Thacker,* the court limited the jury to one of four verdicts: (1) guilty as charged, (2) guilty of assault inflicting serious injury, (3) guilty of assault with a deadly weapon, or (4) not guilty. In one of the cases (Waddell), the jury found defendant guilty as charged. In the other case (Pierce), the jury found defendant guilty of an assault inflicting serious injury. We quote from the opinion, pages 456-457:

> "It suffices to say that the crime condemned by G.S. 14-32(b) is a lesser degree of the offense defined in G.S. 14-32(a), and a defendant is entitled to have the different permissible verdicts *arising on the evidence* presented to the jury under proper instructions . . . . However, this principle applies when, and only when, there is evidence of the lesser degrees. *State v. Smith,* 201 N.C. 494, 160 S.E. 577 (1931). 'The *presence of such evidence* is the determinative factor.' *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954) . . . .

"In limiting the jury to the four verdicts enumerated above, the trial judge committed two errors: (1) He failed to submit defendant's guilt or innocence of assault on Miss Waddell with a deadly weapon *per se* inflicting serious injury, a felony punishable by a fine or imprisonment for not more than five years under G.S. 14-32(b); and (2) he submitted defendant's guilt or innocence of an assault inflicting serious injury and an assault with a deadly weapon, misdemeanors condemned by G.S. 14-33 the punishment for which is limited to two years. All the evidence tends to show that defendant wielded a knife with a six-inch blade inflicting serious injury on both Miss Waddell and Mr. Pierce. A knife with a six-inch blade is a deadly weapon *per se,* and there is no evidence showing only the commission of the misdemeanors which were submitted to the jury, and nothing more, because a deadly weapon was used in both assaults and serious injury was inflicted on both victims. Therefore, these offenses are governed by G.S. 14-32(a) if committed with intent to kill, or by G.S. 14-32(b) absent such an intent.

"These errors may be corrected in the Waddell case at the next trial. They are now history in the Pierce case because defendant cannot be retried for either the ten-year felony with which he was charged or the five-year felony punishable under G.S. 14-32(b)  * * *."

[5]   In the case at bar, all of the evidence tended to show that the victim was shot in his chest with a .38 calibre pistol; that the victim was treated for his injuries in Duke Hospital for eleven days; and that the hospital bill was $3,540. As was true in *Thacker,* all the evidence showed serious injury; therefore, the trial court did not err in refusing to submit any lesser included offense that did not contain serious injury as an element. This holding finds support in *State v. Jennings,* 16 N.C. App. 205, 192 S.E. 2d 46 (1972), cert. den. 282 N.C. 428. In *Jennings,* decided after *Thacker* and citing *Thacker,* this court held that in a prosecution for felonious assault upon an officer with a deadly weapon with intent to kill, where all the evidence presented showed a shooting with a deadly weapon with an intent to kill, and none of the evidence showed a lack of such intent, the trial court did not err in failing to submit to the jury the lesser offense of assault with a deadly weapon (without intent to kill), inflicting serious injury.

We have considered the other assignments of error brought forward and argued in defendant's brief, but finding them to be without merit, they too are overruled.

No error.

Chief Judge BROCK and Judge CAMPBELL concur.