STATE OF NORTH CAROLINA v. OSCAR WILLIAMS

No. 7614SC323

(Filed 6 October 1976)

1. **Assault and Battery § 16— assault with deadly weapon inflicting serious injury — necessity for instruction on assault not inflicting serious injury**

   In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injuries where all the evidence tended to show that, if an assault occurred, it was an assault with a deadly weapon which inflicted serious injury, the trial court did not err in failing to instruct the jury concerning the misdemeanor of assault with a deadly weapon not inflicting serious injury.

2. **Criminal Law § 137— verdict and judgment inconsistent — remand for correction of judgment**

   Where the verdict recited in the judgment was "guilty of the offense of assault inflicting serious injury" but the verdict as actually returned by the jury was that defendant was found guilty of assault with a deadly weapon inflicting serious injury, the case is remanded for correction of the judgment to make it consistent with the verdict.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 25 November 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 31 August 1976.

Defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injuries. He pled not guilty. The State presented evidence to show that on the morning of 13 July 1975 defendant went to the home of Margaret Stewart and demanded she pay him $30.00 which he claimed she owed him. He said to her, "You don't believe I will kill you, do you?" She replied that she did believe that he would. Defendant then shot her with a pistol, the bullet hitting her in the forehead and causing her to bleed. She was taken to the hospital, where the bullet was removed from her scalp. She remained at the hospital from approximately 10:00 until 3:00 in the afternoon, at which time she went home. She returned to the hospital on two other occasions for treatment of her wound. At the time of the trial she still had recurring headaches, which were characterized by severe sharp pain.

Defendant testified and denied that he said, "You don't believe I will kill you." He testified he had said, "You don't believe I will hurt you." He testified he did not point the pistol at Miss Stewart, he just pulled the pistol out and it went off.

The court submitted the case to the jury under instructions that they might return one of three possible verdicts as follows: (1) guilty of assault with a deadly weapon with intent to kill inflicting serious injury; or (2) guilty of assault with a deadly weapon inflicting serious injury; or (3) not guilty.

The jury returned verdict finding defendant guilty of assault with a deadly weapon inflicting serious injuries. From judgment sentencing him to prison for a term of eight years, defendant appealed.

*Attorney General Edmisten by Associate Attorney Daniel C. Oakley for the State.*

*Bryant, Bryant, Drew & Cribb, P.A., by Lee A. Patterson II, for defendant appellant.*

PARKER, Judge.

[1]  By his sole assignment of error, defendant contends the court erred in failing to submit as a possible verdict an issue as to his guilt of assault with a deadly weapon. That offense, which is a misdemeanor under G.S. 14-33(b)(1), is a lesser included offense of the felonies described in G.S. 14-32. However, the necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. "The *presence of such evidence* is the determinative factor. . . . Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice." *State v. Hicks,* 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954).

Here, defendant testified that the shooting was accidental and that no intentional assault occurred. From all of the evidence there can be no doubt that if an assault occurred, it was an assault with a deadly weapon which inflicted serious injury. Therefore, there was no error in the court's failing to instruct concerning the misdemeanor of assault with a deadly weapon not inflicting serious injury. *State v. Turner,* 21 N.C. App. 608, 205 S.E. 2d 628 (1974); *State v. Brown,* 21 N.C. App. 552, 204 S.E. 2d 861 (1974). Indeed, it would have been error, though error certainly favorable to defendant, to instruct the jury on the misdemeanor offense. *See State v. Thacker,* 281 N.C. 447, 189 S.E. 2d 145 (1972).

**[2]** Although no question has been raised by appellant concerning the form of the judgment entered in this case, we note that the judgment as contained in the record before us recites that defendant has "been found guilty of the offense of assault inflicting serious injury," which is a misdemeanor. Thus, the recital in the judgment would not support the eight year prison sentence imposed. However, the record also clearly shows that the verdict as actually returned by the jury was that the defendant was found guilty of assault with a deadly weapon inflicting serious injury, a felony which would warrant the imposition of the eight year sentence. In order that the judgment may be made consistent with the verdict as it was actually rendered, this case is remanded to the Superior Court in Durham County. That court will cause the defendant and his counsel to appear before it, and, after making due inquiry, shall correct the recitation in the judgment so as to make it consistent with the verdict as actually rendered.

Remanded for correction of judgment.

Chief Judge BROCK and Judge ARNOLD concur.