STATE OF NORTH CAROLINA v. JOHN WILLIAMS SPRINGS

No. 7626SC782

(Filed 20 April 1977)

1. Assault and Battery § 15.3— serious injury as a matter of law — when instruction is proper

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury where the evidence with respect to the injuries is not contradicted and the injuries could not conceivably be considered less than serious, the court may instruct the jury that, if they believe the evidence as to injuries, they will find that there was serious injury; therefore, where the uncontradicted evidence in this assault case tended to show that the victim remained unconscious for three days, was hospitalized for eight days, and lost two ribs and a lung as a result of defendant's shotgun blast, the trial court properly instructed the jury that the injuries were serious injuries as a matter of law.

2. Assault and Battery § 15.2—failure to define assault — explanation sufficient

Though the trial court's charge in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury did not include a definition of assault, the judge did instruct that the State was required to prove " . . . that the defendant assaulted [the victim] by intentionally and without justification or excuse shooting [the victim] in the upper left chest with a shotgun . . . , " and this language was sufficient to explain an assault to the jury so that they, had no question as to the meaning of the term.

3. Assault and Battery § 16.1— assault with deadly weapon with intent to kill inflicting serious injury — lesser offenses — submission unnecessary

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury where the evidence showed that the prosecuting witness had been shot in the chest by a shotgun at close range, that he was unconscious for three days and hospitalized for eight, and that he lost two ribs and a lung as a result of the shooting, defendant was not entitled to have submitted to the jury the lesser offenses of assault with a deadly weapon with intent to kill, assault with a deadly weapon, or assault inflicting serious injury.

4. Criminal Law § 73.2— officer's testimony — no hearsay

Testimony by a police officer that during the course of his investigation of the assault charged he asked bystanders what had occurred and that after hearing their responses, he placed defendant under arrest was not inadmissible as hearsay, since it consisted only of what the officer did, and not of statements made to him by third persons.

**5. Criminal Law § 119— jury instruction not requested — failure to give not error**

    The trial court did not err in failing to instruct the jury that the indictment did not constitute evidence against defendant, absent a request by defendant for such an instruction.

APPEAL by defendant from *Baley, Special Judge.* Judgment entered 22 April 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 March 1977.

Defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injury and entered a plea of not guilty to the charge. He was convicted by a jury and upon that verdict judgment was entered sentencing him to imprisonment for a term of 16 to 20 years.

The State introduced evidence which tended to show the following: Between 7:00 and 7:30 p.m. on the evening of 14 December 1975, Leonard Brooks, the victim of the alleged assault, entered his car and began to leave his house when he saw defendant's car approaching. Defendant said he wanted to speak with Brooks, whereupon Brooks pulled over to the side of the road. Again, defendant said he wanted to see Brooks, so Brooks got out of his car. Defendant told Brooks "Let me hold of (sic) some money." Brooks replied that he did not have any money, but defendant persisted, "Yes, you got some money." Defendant then snatched the keys from Brooks' car, kept them, and drove away in his own car.

Brooks went to defendant's house and waited on the porch for defendant's return. When defendant arrived, he told Brooks "I'll give it to you when I come back." Defendant then went into the house and came out carrying a shotgun. As soon as defendant stepped onto the porch, he shot Brooks in the chest. Brooks lost consciousness for three days and remained in the hospital for eight days.

Defendant offered no evidence in his behalf. Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Assistant Attorney General Ann Reed, for the State.*

*Public Defender Michael S. Scofield, by Assistant Public Defender Mark A. Michael, for defendant appellant.*

MORRIS, Judge.

In his charge to the jury, Judge Baley instructed as to assault with a deadly weapon with intent to kill inflicting serious injury as follows:

> "The fourth thing that the State must prove beyond a reasonable doubt is that the defendant inflicted serious injury, and you have heard testimony with respect to the injuries which the witness Brooks received, *and I charge you that those would constitute serious injuries."* (Emphasis supplied.)

Judge Baley also submitted the lesser offense of assault with a deadly weapon inflicting serious injury and charged that

> " . . . for you to find the defendant guilty of assault with a deadly weapon inflicting serious injury, the State must prove three things: . . . And third, that the defendant inflicted serious injury, *and the injuries sustained that sent him to the hospital,* if you believe those to be the facts and find beyond a reasonable doubt that that was true, *would constitute serious injuries."* (Emphasis supplied.)

Defendant contends that the trial judge erred in instructing the jury that Brooks' injuries were serious injuries as a matter of law. We disagree.

[1]  The uncontradicted evidence was that the victim remained unconscious for three days, was hospitalized in Memorial Hospital for eight days, and lost two ribs and a lung as the result of the shotgun blast. There can be no possible doubt that the injuries received were serious. Where, as here, the evidence with respect to the injuries is not contradicted and the injuries could not conceivably be considered less than serious, we are of the opinion, and so hold, that the court may instruct the jury that if they believe the evidence as to injuries, they will find that there was serious injury. This assignment of error is overruled.

[2]  Defendant contends that the judge erred in failing to instruct as to the legal definition of assault. Again, we disagree. In *State v. Hickman,* 21 N.C. App. 421, 423, 204 S.E. 2d 718, 719 (1974), we ordered a new trial because

> "[a]t no place in the charge did the trial judge instruct the jury as to what the term 'assault' means or what constitutes an assault. An assault is a legal term with which

jurors are not apt to be familiar. We think it incumbent upon the trial judge *to define or otherwise explain* to a jury the meaning of the legal term 'assault'." (Emphasis supplied.)

Though the charge in the present case did not contain a definition of assault, the judge did instruct that the State was required to prove " . . . that the defendant assaulted Leonard Brooks *by intentionally and without justification or excuse shooting Leonard Brooks in the upper left chest with a shotgun. . . .* " (Emphasis supplied.) We believe that this language was sufficient to "otherwise explain" an assault to the jury so that they had no question as to the meaning of the term. This explanation was given the jury in the charge on assault with a deadly weapon with intent to kill inflicting serious injury in the instructions on the elements of the crime and the mandate. It was similarly repeated in the instructions on assault with a deadly weapon inflicting serious injury. The charge was sufficient, and this assignment is overruled.

[3] The trial judge submitted three possible verdicts to the jury: guilty of assault with a deadly weapon with intent to kill inflicting serious bodily injury; guilty of assault with a deadly weapon inflicting serious injury; and not guilty. Defendant argues that the judge erred in failing also to submit the lesser offenses of assault with a deadly weapon with intent to kill; assault with a deadly weapon; and assault inflicting serious injuries. We disagree. The trial court is not required to submit the issue of defendant's guilt of lesser offenses of the crime charged where there is no evidence from which the jury could find that the lesser offense was committed. *State v. Griffin*, 280 N.C. 142, 185 S.E. 2d 149 (1971); *State v. Williams*, 31 N.C. App. 111, 228 S.E. 2d 668 (1976). Here, the evidence showed that the prosecuting witness had been shot in the chest by a shotgun at close range; that the victim was unconscious for three days and was hospitalized for eight days; and that he lost two ribs and a lung as a result of the shooting. On these facts, defendant was not entitled to a submission of assault with a deadly weapon with intent to kill or assault with a deadly weapon. *State v. Turner*, 21 N.C. App. 608, 205 S.E. 2d 628 (1974); *State v. Brown*, 21 N.C. App. 552, 204 S.E. 2d 861 (1974). Moreover, since the evidence that defendant used a deadly weapon was uncontradicted, he was not entitled to a

charge on assault inflicting serious injury. This assignment is overruled.

[4]  At trial, Charlotte Police Officer L. D. Blakeney was permitted to testify, over objection, that during the course of his investigation he asked bystanders what had occurred and that after hearing their responses, he placed defendant under arrest. Defendant maintains that the testimony was hearsay and should have been excluded. Again, we cannot agree. "Evidence, oral or written, it called hearsay when its probative force depends, in whole or in part, upon the competency and credibility of some person other than the witness by whom it is sought to produce it." *State v. Robbins,* 275 N.C. 537, 547, 169 S.E. 2d 858, 864-65 (1969) ; 1 Stansbury, N. C. Evidence, § 138, p. 458. Clearly, the testimony here objected to cannot be classified as hearsay since it consisted only of what the officer did, and not of statements made to him by third persons. Accordingly, it was not error for the trial judge to admit the testimony.

[5]  In his final assignment of error, defendant contends that the trial court erred in failing to instruct the jury that the indictment did not constitute evidence against defendant. However, the record reveals that defendant did not request the court for such an instruction. It is well settled in this State that where a defendant desires greater elaboration in the charge on a particular aspect of the case, he must make a special request therefor. Otherwise the court is not required to so charge the jury. *State v. Boyd,* 278 N.C. 682, 180 S.E. 2d 794 (1971). We have carefully reviewed the judge's charge in its entirety and hold that it contains a full and fair summary of the evidence and an accurate statement of the law applicable thereto.

No error.

Judges VAUGHN and MARTIN concur.