STATE OF NORTH CAROLINA v. VERNON WAYNE DAVIS AND
WILLIE J. NESMITH III

No. 7626SC1009

(Filed 18 May 1977)

1. **Assault and Battery § 15.3— instruction that fractured skull is serious injury**

    In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injuries, the trial court properly instructed the jury that "A fractured skull is a serious injury" where the State's evidence with respect to the injuries was uncontradicted and the injuries could not conceivably have been considered anything but serious.

2. **Assault and Battery § 16.1— failure to instruct on lesser offense**

    In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injuries, the trial court did not err in failing to instruct on the lesser offense of assault with a deadly weapon where all the evidence showed that the victim was struck in the back of the head with a stick about two feet long; he was hospitalized for nine days; a neurosurgeon had to operate in order to repair the injuries to the victim's skull; fragments of bone had to be peeled back; and the victim's head is still indented from the injuries.

APPEAL by defendants from *Falls, Judge.* Judgment entered 20 July 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 May 1977.

Defendants were each indicted for assault with a deadly weapon with intent to kill inflicting serious injuries. Both defendants pleaded not guilty.

The State first presented June Howie, Sr., a sixty-three year old, who testified that at 8:00 p.m. on 20 December 1975 he went to a Park'N Shop store in Charlotte to make a purchase. He returned to his car, which was parked in the store's parking lot, at 8:15 p.m. and he stopped to unlock his car door. He did not recall anything after that until he awoke inside the store. An ambulance was called and he was taken to Charlotte Memorial Hospital where he remained for nine days. The injuries to Mr. Howie's head required surgery to peel back fragments of bone and he had surgical bills of $1,080 and hospital bills of $15,000.

Cheryl Ann Morgan, another State witness, testified that she was sitting in a friend's car in the parking lot when she

observed Mr. Howie come out of the store and walk up to his car. She then saw the defendants approach Mr. Howie and hit him from behind with a stick about two feet long. Ms. Morgan did not know which of the defendants struck the victim because the defendants were standing too close together. Later that night she identified both defendants as the assailants of Mr. Howie.

The State then presented the officers who investigated the case. Officer Stanton testified that he went to the Park'N Shop at 8:00 p.m. on 20 December 1975 and found Mr. Howie sitting in the manager's office. The officer observed Mr. Howie's bleeding head and found a trail of blood from the driver's side of Mr. Howie's car. Mr. Howie could not tell who had hit him. Officer M. N. Hunter testified that after speaking with Ms. Morgan, he picked up defendants and took them to the Park'N Shop where Ms. Morgan identified them as Mr. Howie's assailants.

Defendant Davis offered evidence tending to show that defendant Nesmith had telephoned him about 6:30 p.m. on 20 December to tell him that he was going to "make a lick" or rob someone but that he told Nesmith that he did not want anything to do with it. He went to the Park'N Shop by himself on the night of 20 December to purchase a pack of cigarettes for his mother. He testified that he saw Nesmith at the store as he was leaving but that he had never seen Mr. Howie before and did not see him that night. Defendant Nesmith's evidence tended to show that he did not mention robbing or assaulting anyone to Davis. He testified that he saw Davis at the Park'N Shop store on the night of 20 December and talked with him but that Davis was the one who hit Howie with a hammer and ran. He said that he ran because he was afraid.

Defendants were convicted of assault with a deadly weapon with intent to kill inflicting serious injury. From a judgment imposing a sentence of 20 years as to each defendant, both appealed.

*Attorney General Edmisten, by Associate Attorney Jack Cozort, for the State.*

*Public Defender Michael S. Scofield, by Assistant Public Defender Richard D. Boner, for defendant Vernon Wayne Davis.*

*Peter H. Gerns for defendant Willis J. Nesmith III.*

MARTIN, Judge.

[1] In his charge to the jury, Judge Falls instructed as to assault with a deadly weapon inflicting serious injury as follows:

> "And the third essential element, that the defendant inflicted serious bodily injury. Now, I have told you what the injury is, and you have heard what injuries he has received, and I shall not repeat that. That doesn't mean it isn't important. It is an essential element. *A fractured skull is a serious injury.*" (Emphasis added.)

Both defendants contend that the trial judge, by instructing that the victim's skull fracture was a serious injury, violated G.S. 1-180. They argue that the instruction was not only prejudicial but that it also invaded the province of the jury. We disagree.

In making their arguments concerning this assignment of error, defendants cite the case of *State v. Whitted,* 14 N.C. App. 62, 187 S.E. 2d 391 (1972). In that case, a new trial on a charge of assault with a deadly weapon with the intent to kill inflicting serious injury was granted because the trial judge instructed the jury that " . . . you will find that there was serious injury, if you believe the evidence as it tends to show here, no question about the serious injury. . . . " The case at bar is, however, distinguishable from the *Whitted* case because there the parties offered contradictory evidence concerning the seriousness of the injury.

The uncontradicted evidence in the instant case shows that the victim was struck in the head; that he was immediately taken to Charlotte Memorial Hospital where he stayed for nine days; that a neurosurgeon had to perform surgery; that the surgeon had to peel back fragments of bone in order to repair the skull; that the victim's head is still indented; and that he sustained surgical bills of $1,080 and hospital bills of $15,000. We hold that where, as in the case at bar, the State's evidence with respect to the injuries is uncontradicted and the injuries could not conceivably be considered anything but serious, then the trial judge may instruct the jury that if they believe the evidence as to the injuries, then they will find that there was serious injury. *State v. Springs,* 33 N.C. App. 61, 234 S.E. 2d 193 (1977). This assignment of error is overruled.

[2] By their next assignment of error, defendants contend that the trial court erred in failing to instruct on the lesser offense of assault with a deadly weapon. Again, we disagree.

It is clear that the trial court is not required to instruct on the issue of a defendant's guilt of a lesser offense of the crime charged unless there is evidence from which the jury could find that the lesser offense was committed. *State v. Griffin,* 280 N.C. 142, 185 S.E. 2d 149 (1971) ; *State v. Williams,* 31 N.C. App. 111, 228 S.E. 2d 668 (1976). The presence of such evidence is the determinative factor and the " . . . contention that the jury might accept the State's evidence in part and might reject it in part will not suffice." *State v. Hicks,* 241 N.C. 156, 160, 84 S.E. 2d 545, 547 (1954). In the case at bar, the evidence showed that the victim had been struck in the back of the head with a stick about two feet long; that he was hospitalized for nine days; that a neurosurgeon had to operate in order to repair the injuries to his skull; that fragments of bone had to be peeled back; and that his head is still indented from the injuries. On these facts, we are of the opinion that the defendants were not entitled to an instruction concerning assault with a deadly weapon. *State v. Turner,* 21 N.C. App. 608, 205 S.E. 2d 628 (1974) ; *State v. Brown,* 21 N.C. App. 552, 204 S.E. 2d 861 (1974). This assignment of error is therefore overruled.

Defendants received a fair trial free from prejudicial error.

No error.

Judges BRITT and PARKER concur.