STATE OF NORTH CAROLINA v. ANDRE RUSH PETTIFORD

No. 8215SC452

(Filed 21 December 1982)

1. **Assault and Battery § 15.3— assault with a deadly weapon with intent to kill inflicting serious injury—instructions concerning "serious injury"**

    In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court did not err in instructing the jury that "a bullet wound to the head with the bullet lodging in the head is a serious in-

State v. Pettiford

jury" therefore taking the question from the jury since the evidence was not conflicting and was such that reasonable minds could not differ as to the serious nature of the injuries inflicted.

2. **Assault and Battery § 15.2— assault with a deadly weapon with intent to kill inflicting serious bodily injury—instructions on deadly weapon**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court did not err in its instructions to the jury by stating that "a pistol or revolver is a deadly weapon" since the pistol defendant used to shoot the victim at close range causing a metal slug to lodge in the victim's head was a deadly weapon as a matter of law.

APPEAL by defendant from *Battle, Judge.* Judgment entered in ORANGE County Superior Court 17 September 1981. Heard in the Court of Appeals 9 November 1982.

Defendant, Andre Rush Pettiford, was indicted for assault with a deadly weapon with intent to kill inflicting serious injury. A jury found defendant guilty as charged. From judgment of the trial court imposing an active sentence of imprisonment, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender James H. Gold, for defendant.*

WELLS, Judge.

The evidence for the State tended to show that during the course of an argument, defendant shot Lanny Watkins at close range in the face with a handgun—a small caliber pistol. Watkins was treated by Dr. Craig Price, who testified that he removed a metallic fragment which he believed to be a bullet from the frontal sinus area of Watkins' skull. Dr. Price testified that Watkins had a small entry wound with a large bruise on his eyebrow; that he found no powder burns on Watkins; that Watkins never lost consciousness and remained fully lucid up to the time of his treatment; and that Watkins suffered no impairment as a result of the injury. Watkins testified that he was hospitalized for ten days as a result of his injury.

Defendant's evidence was that the gun he pointed at Watkins was a .38 caliber pellet gun.

[1]   By his first assignment of error, defendant contends that the trial court erred in instructing the jury that "a bullet wound to the head with the bullet lodging in the head is a serious injury." Defendant argues that the question of whether an injury is serious is for the jury and that, by its instruction, the trial court kept that question from the jury. The dispositive issue raised by defendant's argument is whether in all cases such as the one now before us, the determination of whether an injury is serious must be resolved by the jury, on the facts of each case. Previous decisions of our appellate courts disclose substantially conflicting answers to this question. The issue may arise as follows: one, is there sufficient evidence to bring the case to the jury on the issue of serious injury; two, does the evidence justify submitting a lesser included offense of assault, without the element of serious injury; and three, does the evidence allow a peremptory instruction on the element of serious injury. The underlying question is the same: whether a jury issue has been raised by the evidence as to the degree or nature of the injury inflicted.

The cases where the question was taken from the jury follow.

In *State v. Daniels*, 59 N.C. App. 63, 295 S.E. 2d 508 (1982) the victim was shot twice in the upper part of his body with a .32 caliber pistol, was hospitalized for 21 days, required surgery to remove one bullet, the other bullet remaining in the victim's body near the spine. Defendant offered no evidence as to the victim's injuries. The trial judge gave a peremptory instruction. In upholding a peremptory instruction we held that ". . . the evidence of . . . injuries was uncontradicted, and [the] injuries were obviously serious. Although the instructions were erroneous, there was no prejudicial error because no reasonable trier of fact could have found that there was no serious injury."

In *State v. Pugh*, 48 N.C. App. 175, 268 S.E. 2d 242 (1980), the victim was stabbed in the breast and upper arm with a large butcher knife. We found no error in the trial court's refusing to submit to the jury the lesser included offense of assault with a deadly weapon, holding that defendant "inflicted serious bodily injury."

In *State v. Davis*, 33 N.C. App. 262, 234 S.E. 2d 762 (1977),[1] the victim was struck in the back of the head, required surgery, was hospitalized for nine days, and had medical and hospital bills totaling $16,080.00. The trial judge gave a peremptory instruction and refused to submit the lesser included offense of assault with a deadly weapon. In finding no error, we held that ". . . Where, as in the case at bar, the State's evidence . . . is uncontradicted and the injuries could not conceivably be considered anything but serious," then the trial court may give a peremptory instruction and should not submit the lesser included offense to the jury.

In *State v. Springs*, 33 N.C. App. 61, 234 S.E. 2d 193, *disc. rev. denied*, 293 N.C. 163, 236 S.E. 2d 707 (1977),[2] the victim was shot in the chest with a shotgun at close range, was unconscious for three days, was hospitalized for eight days, and lost two ribs and a lung. In upholding the trial court's peremptory instruction as to the serious nature of the injuries, we emphasized that the evidence as to injuries was "uncontradicted."

For other cases of similar import, *see State v. Williams*, 31 N.C. App. 111, 228 S.E. 2d 668, *disc. rev. denied*, 291 N.C. 450, 230 S.E. 2d 767 (1976); *State v. Turner*, 21 N.C. App. 608, 205 S.E. 2d 628, *appeal dismissed*, 285 N.C. 668, 207 S.E. 2d 751 (1974); *State v. Brown*, 21 N.C. App. 552, 204 S.E. 2d 861 (1974).

The cases which have held that the issue of serious injury should be answered by the jury follow.

The leading case in this category seems to be *State v. Jones*, 258 N.C. 89, 128 S.E. 2d 1 (1962). In *Jones*, the victim was shot in the back and arm with a shotgun. The trial court gave the following instruction:

> "I instruct you in this case if you find beyond a reasonable doubt the assault was made with a gun under such circumstances as calculated to create a breach of the peace that would outrage the sensibilities of the community, it would be an assault with a deadly weapon inflicting serious injury."

In holding that instruction to be such error as to require a new trial, Justice Higgins, writing for the court, said:

---

1. Relied on by us in *Pugh*.

2. Relied on by us in *Davis* and *Daniels*.

The term "inflicts serious injury" means physical or bodily injury resulting from an assault with a deadly weapon with intent to kill. The injury must be serious but it must fall short of causing death. Further definition seems neither wise nor desirable. Whether such serious injury has been inflicted must be determined according to the particular facts of each case.

Whether the assault is calculated to create a breach of the peace that would outrage the sensibilities of the community does not adequately or correctly describe the infliction of serious injury contemplated by G.S. 14-32. A simple assault committed by a prizefighter upon a cripple at a Legion convention may be calculated to create a breach of the peace that would outrage the sensibilities of the community. The instruction given by the court does not properly define the serious injury contemplated by the statute under which the indictment was drawn. The court did not give any other definition.

The prosecuting witness was shot in the back and arm with a .410 shotgun, loaded with bird shot. He went to the hospital where 17 shot were removed. Whether the shot were removed by a knife, tweezers, or the fingernails, is undisclosed. How deep the shot penetrated into the flesh after passing through the clothing; whether the witness remained in the hospital half an hour, overnight, or a week, are matters also undisclosed.

The evidence is sufficient to go to the jury on the question of serious injury, but the jury must make the finding under a correct charge.

*Jones* was relied on by our Supreme Court in *State v. Ferguson,* 261 N.C. 558, 135 S.E. 2d 626 (1964), where the Court held that evidence of an automobile-related "whiplash" injury was sufficient to take the case to the jury on the element of serious injury.

*Ferguson* and *Jones* were relied on by the Court in *State v. Joyner,* 295 N.C. 55, 243 S.E. 2d 367 (1978), in holding that the injuries inflicted in the victim's rectum by insertion of a soft drink bottle were sufficient to take the case to the jury on the element

of serious injury. The Court's opinion in *Joyner* included dicta, however, to the effect that whether serious injury has been inflicted must be determined according to the facts of each particular case, again citing *Ferguson* and *Jones. See also State v. Boone*, 307 N.C. 198, 297 S.E. 2d 585 (1982).

*Ferguson* and *Jones* were relied on by this Court in *State v. Rotenberry*, 54 N.C. App. 504, 284 S.E. 2d 197 (1981), *cert. denied,* 305 N.C. 306, 290 S.E. 2d 705 (1982), another shotgun incident, where the victim was struck in the arm and hand with 42 pellets, was bleeding from his wounds, and was taken to a hospital where doctors were unable to remove all of the pellets. We held that the evidence was sufficient to take the case to the jury on the element of serious injury. *See also State v. Musselwhite*, 59 N.C. App. 477, 297 S.E. 2d 181 (1982).

Of similar import are our decisions in *State v. Whitted*, 14 N.C. App. 62, 187 S.E. 2d 391 (1972), where the victim was shot in the abdomen with a pistol, lost consciousness, was hospitalized for 13 days, lost 35 pounds, and suffered apparent permanent nerve damage; *State v. Shankle*, 7 N.C. App. 564, 172 S.E. 2d 904 (1970), where the victim was shot in the wrist by a rifle and was treated in a doctor's office; and *State v. Parker*, 7 N.C. App. 191, 171 S.E. 2d 665 (1970), where the victim was stabbed in the neck and ear with a steak knife and was treated in a hospital emergency room.

We are not persuaded that *Ferguson* and *Jones* requires submitting the issue of seriousness of the injury to the jury in this case. In both *Ferguson* and *Jones,* the evidence before the court left the question open: *i.e.,* the court recognized that under the evidence in those cases, reasonable minds might differ as to whether the injuries were serious. We believe the better rule is that where, as here, the evidence is not conflicting[3] and is such that reasonable minds could not differ as to the serious nature of the injuries inflicted, the issue may properly be resolved by the Court by a peremptory instruction.[4] We find support for our

---

3. The term "uncontradicted" as used by us in *Daniels, Davis* and *Springs* does not seem entirely appropriate. It may be said that a plea of not guilty "contradicts" all evidence necessary for the State to carry its burden of proof on all elements of the offense charged.

4. In appropriate cases, the issue may also be resolved by the Court's refusing to submit a lesser offense not including serious injury.

reasoning in the historical position taken by our appellate courts in deadly weapon cases, upholding the authority of our trial courts to classify weapons as deadly as a matter of law, a question we next address in this case.

In this case, we are persuaded that reasonable minds could not differ as to whether "a bullet wound to the head with the bullet lodging in the head is a serious injury" and that the instruction given by the trial court in this case was correct. This assignment is overruled.

[2] Defendant next assigns as error the portion of the charge to the jury pertaining to the definition of a "deadly weapon." The court charged that

> A deadly weapon is an instrument likely to produce death or great bodily harm under the circumstances of its use. A pistol or revolver is a deadly weapon.

Defendant contends that this charge amounted to a declaration that a pellet gun is a deadly weapon *per se* and as such it was error. We disagree.

First, the instruction given did not state that a pellet gun was a deadly weapon; it indicated that a pistol or revolver was a deadly weapon. Such an instruction is not error. Any instrument which is likely to cause death or great bodily harm under the circumstances of its use is a deadly weapon. *State v. Joyner, supra,* and cases cited therein. A pistol is a deadly weapon *per se. State v. Reives,* 29 N.C. App. 11, 222 S.E. 2d 727, *cert. denied,* 289 N.C. 728, 224 S.E. 2d 675 (1976).

Second, it would not have been error in the present case to instruct that the weapon defendant allegedly used was a deadly weapon *per se.* In *State v. Parker,* 7 N.C. App. 191, 171 S.E. 2d 665 (1970), the prosecuting witness was stabbed in the neck and ear with a steak knife having a keen point and a four and one-half inch sawtooth blade. The victim was treated with three stitches, had a stiff neck for a week and a half and eventually needed further treatment for a knot which developed in his neck. This court held that under such circumstances it was not error for the trial court to declare the weapon deadly *per se.* Defendant relies on *State v. Alston,* 305 N.C. 647, 290 S.E. 2d 614 (1982), for the propo-

sition that a pellet gun is not a deadly weapon. In *Alston,* there was conflicting evidence before the jury as to whether the weapon used in a robbery was a rifle, a pellet gun, or a BB rifle. The Court held that while the evidence that it was a BB rifle indicated that the victims' lives were not endangered, the jury was properly allowed to decide whether the defendant was guilty of robbery with a firearm or other dangerous weapon. Defendant misinterprets *Alston;* implicit in *Alston* is the rule that a pellet gun is a "firearm or other dangerous weapon."

Under the circumstances of the present case, it would not have been error to instruct that the pistol defendant used was a deadly weapon as a matter of law. The victim was shot at close range and a metal slug lodged in his head. Certainly the weapon he was shot with was likely to cause death or great bodily harm under such circumstances. This assignment is overruled.

Defendant's other assignments of error pertaining to jury instructions and verdict forms are without merit and are overruled.

No error.

Judges VAUGHN and WHICHARD concur.