STATE v. J. C. CHAMPION.

(Filed 14 October, 1942.)

### 1. Homicide § 22: Criminal Law § 40—

It is a general rule in this State that, in the trial of a homicide case, evidence as to general character and general traits of character of the person killed is immaterial and incompetent; yet, there are exceptions to this rule, one of them pertinent here, that is, where there is evidence of self-defense, the general character of the deceased as a violent and dangerous man is admissible, to which the State may reply in rebuttal only and limited to deceased's general reputation for peace and quiet.

### 2. Homicide § 22—

Where, in support of a plea of self-defense, in a prosecution for murder, after defendant has testified that deceased was a man of violent character, it was prejudicial error for the State, on cross-examination of defendant's witnesses to elicit, over objection, evidence of deceased's general good character.

APPEAL by defendant from *Hamilton, Special Judge,* at Special May Term, 1942, of VANCE.

Criminal prosecution upon bill of indictment charging defendant with the murder of one William Reid.

Upon arraignment defendant pleaded not guilty.

The solicitor stated in open court that the State would not ask for a verdict of murder in the first degree, but for a verdict of murder in the second degree or manslaughter as the facts would justify.

Verdict: Guilty of murder in the second degree.

Judgment: Confinement in the State's Prison for a term of not less than ten nor more than fifteen years.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*A. A. Bunn, J. M. Peace, and W. H. Yarborough for defendant, appellant.*

WINBORNE, J.   Upon the trial below after defendant in support of his plea of self-defense had testified that deceased, William Reid, was a "dangerous and violent man," the State in cross-examining several witnesses introduced by defendant, and over the objection of defendant, elicited evidence of the general good character of the deceased.   This evidence is incompetent, and the admission of it constitutes prejudicial error for which defendant is entitled to a new trial.

It is a general rule, well and long established in this State, that, in the trial of a homicide case evidence as to the general character and the general traits of character of the person killed is immaterial and incompetent. *S. v. Barfield,* 30 N. C., 344; *S. v. Hogue,* 51 N. C., 381. Yet, there are two well settled exceptions to this rule which are as firmly imbedded in the law as is the rule and, in the words of *Bynum, J.,* in *S. v. Turpin,* 77 N. C., 473, 24 Am. Rep., 455, "have become a general rule subordinate to the principal rule." One of these exceptions is pertinent here, that is, where there is evidence tending to show that the killing may have been done in self-defense, evidence as to the general character of the deceased as a violent and dangerous man is admissible. See *S. v. Turpin, supra; S. v. Floyd,* 51 N. C., 392, and other cases too numerous to be listed here, where this exception to the rule as stated in the *Turpin case, supra,* has been applied to various factual situations where the competency of proffered testimony has been considered. See Shepard's Annotations. When and after such evidence is offered by the defendant and admitted by the court, the State may then offer evidence in rebuttal, but such evidence must be in rebuttal and limited to the general reputation of the deceased for peace and quiet. In the present case the evidence offered goes far beyond this limit.

In view of the fact that the case goes back for a new trial, other exceptions, seriously and forcefully pressed for error, need not be considered as they may not recur.

New trial.