STATE v. COY GORDON CHOPLIN.

(Filed 9 November, 1966.)

**Trial § 36—**

> An instruction to the effect that the jury should scrutinize defendant's testimony because of his interest in the verdict, but that if, after such scrutiny, the jury should find that defendant had told the truth to give his testimony the same weight and credibility as that of any disinterested witness, *is held* not to constitute prejudicial error.

APPEAL by defendant from *Johnson, J.,* August A Criminal Session 1966 of WAKE.

Defendant is charged with operating a motor vehicle while under the influence of alcoholic beverages, in violation of G.S. 20-138.

The State offered as witness Patrolman R. R. East, who testified substantially as follows: He was a member of the State Highway Patrol on the 26th day of January 1966, and on that day he saw the defendant driving a 1953 Buick automobile in a northerly direction on U.S. Highway 1, approximately four miles south of Wake Forest. Choplin was driving at a very slow rate of speed and was weaving across the highway and finally ran off the highway and down an embankment. He stopped and spoke to the defendant, whereupon the defendant opened the door, fell partially out and began crawling in the direction of the patrolman. After observing the defendant, he placed him under arrest and carried him to jail. The patrolman stated that in his opinion defendant was under the influence of some intoxicating beverage.

The defendant offered evidence tending to show that he did not drive the automobile to the place where it came to stop; that he had driven to the house of a Mr. Emory and while there consumed about a pint of whiskey; that Mrs. Emory drove the car off and down the embankment. The defendant later walked to the car, started the motor, and while he was attempting to back the car out,

Trooper East drove up. The defendant also offered the testimony of Mrs. Emory to corroborate his testimony. It was stipulated by the Assistant Solicitor for the State and counsel for the defendant that the defendant was under the influence of intoxicating beverages at the time complained of in the warrant.

From a verdict of guilty as charged and verdict entered thereon, defendant appeals to the Supreme Court.

*Earle R. Purser for defendant appellant.*
*Attorney General Bruton, Assistant Attorney General Melvin, and Staff Attorney Jacobs for the State.*

PER CURIAM. The defendant abandoned all his exceptions except the one to that portion of the judge's charge which reads as follows: "That when a defendant goes upon the stand and testifies in his own behalf it becomes the duty of the jury to very closely scrutinize and examine the testimony of the defendant because he is a person interested in your verdict. He is the one who will be directly affected by the outcome of the case. So I instruct you, gentlemen of the jury, that in this case it is your duty to very closely examine and very carefully scrutinize the testimony of the defendant." Immediately thereafter the trial judge further charged the jury: "If, however, after such close scrutinizing and examination you conclude that he told the truth about those matters as to which he testified, then it would be your duty to give to his testimony the same weight and credibility that you would give to that of any disinterested witness. . . ."

This Court in considering a very similar charge in the case of *State v. McKinnon,* 223 N.C. 160, 25 S.E. 2d 606, held that such charge was not reversible error.

Reading the charge contextually and with the entire record, we find

No error.