STATE OF NORTH CAROLINA v. WILLIAM GASTON GRIFFIN

No. 79

(Filed 15 December 1971)

1. Criminal Law § 117— instructions — testimony of interested witnesses — designation of defendant and his mother as interested witnesses

The trial court did not express an opinion upon the credibility of defendant and his mother in violation of G.S. 1-180 in designating defendant and his mother as interested witnesses during its instructions on the duty of the jury to scrutinize carefully the testimony of any interested witness.

**2. Criminal Law § 115— error in failure to submit lesser degrees — verdict of guilty of crime charged**

Error in failing to submit the question of a defendant's guilt of lesser degrees of the same crime is not cured by a verdict of guilty of the offense charged.

**3. Criminal Law § 115— necessity for instructing on lesser degrees**

The necessity for instructing the jury as to an included crime of lesser degree than that charged arises only when there is evidence from which the jury could find that such included crime of lesser degree was committed.

**4. Rape § 6— failure to submit lesser degrees**

In this rape prosecution, the trial court did not err in failing to submit the lesser included offenses of assault with intent to commit rape and assault on a female where all the evidence was to the effect that defendant had actual sexual intercourse with prosecutrix by force and against her will and defendant relied on the defense of alibi.

APPEAL by defendant from *Godwin, S.J.,* 3 March 1971 Regular Criminal Session, WAKE Superior Court.

Criminal prosecution upon a bill of indictment charging defendant with the rape of Anna L. Holloway on 3 February 1970.

Anna L. Holloway, the prosecuting witness, testified that at 8:00 p.m. on 3 February 1970 she was walking home alone from Dr. McDowell's office when a man approached and walked behind her for several blocks. At the corner of Lee and East Streets in the City of Raleigh, the man threw a coat over her head and knocked her to the street. She screamed and he told her if she screamed again he would cut her damn throat. He dragged her between two houses, had intercourse with her by force and against her will, and then ran away.

Miss Holloway went to her mother's home and then to the hospital where she was examined by Dr. McDowell. The examination revealed sperm in her vagina.

Miss Holloway told the police she did not know her assailant's name but he went by the nickname of "Peter Rabbit" and she would know him if she saw him again. Thereafter, she positively identified defendant William Gaston Griffin from photographs, in a lineup, and in court as the man who raped her.

Defendant offered evidence, including his own testimony, tending to show that on the night in question he was at the

home of Mary Muldrow, an old family friend, from approximately 6:00 p.m. until 9:50 p.m. and thus could not have raped the prosecuting witness at 8:00 p.m.

The jury returned a verdict of guilty as charged with recommendation of life imprisonment. From judgment in accordance therewith defendant appealed to the Supreme Court. Errors assigned will be discussed in the opinion.

*Hatch, Little, Bunn, Jones & Liggett by Richard Jones, Jr., Attorneys for defendant appellant.*

*Robert Morgan, Attorney General, and Charles M. Hensey, Assistant Attorney General, for the State of North Carolina.*

HUSKINS, Justice.

[1] Defendant's first assignment of error is addressed to the following portion of the charge: "The defendant and his mother testified in his behalf during the trial of the case. I charge you that as you consider the evidence, and the testimony of those witnesses, the defendant and his mother, that you should scrutinize and closely examine the testimony of each of them and of any witness who has an immediate personal interest in the outcome of your verdict, but that after you do so, if you find that you believe the evidence of such a witness, then you should give to that evidence the same weight and credit that you would to the evidence or testimony of any other disinterested witness whose testimony has been presented to you." Defendant argues that it is not the province of the trial judge to single out and designate any particular witness as an *interested witness;* rather, it is exclusively the function of the jury to decide which witness, if any, has a personal interest in the outcome of the case.

Instructions couched in substantially similar language are fully supported by our decisions. "There is no hard and fast form of expression, or consecrated formula, required, but the jury should be instructed that, as to the testimony of relatives or parties interested in the case and defendants, that the jury should scrutinize their testimony in the light of that fact; but if, after such scrutiny, the jury should believe that the witness has told the truth, they should give him as full credit as if he were disinterested." *State v. Green,* 187 N.C. 466, 122 S.E. 178 (1924).

State v. Griffin

*Accord, State v. McKinnon,* 223 N.C. 160, 25 S.E. 2d 606 (1943) ; *State v. Turner,* 253 N.C. 37, 116 S.E. 2d 194 (1960) ; *State v. Choplin,* 268 N.C. 461, 150 S.E. 2d 851 (1966).

The charge complained of did not constitute an expression of opinion upon the credibility of defendant or his mother in violation of G.S. 1-180. The admonition to scrutinize included not only the defendant and his mother but also the testimony "of *any witness* who has an immediate personal interest in the outcome" of the verdict. There is no merit in defendant's position, and his first assignment is overruled.

The court limited the jury in its deliberations to one of three verdicts, to wit: guilty of rape as charged, guilty of rape with recommendation that the punishment be life imprisonment, or not guilty. Defendant assigns as error the failure of the court to submit the lesser included offenses of assault with intent to commit rape and assault on a female.

[2, 3]    It is firmly established by decisions of this Court that a defendant is entitled to have the different permissible verdicts *arising on the evidence* presented to the jury under proper instructions. *State v. Keaton,* 206 N.C. 682, 175 S.E. 296 (1934) ; *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970). Error in failing to submit the question of a defendant's guilt of lesser degrees of the same crime is not cured by a verdict of guilty of the offense charged because, in such case, it cannot be known whether the jury would have convicted of a lesser degree if the different permissible degrees *arising on the evidence* had been correctly presented in the charge. *State v. Davis,* 242 N.C. 476, 87 S.E. 2d 906 (1955) ; *State v. Childress,* 228 N.C. 208, 45 S.E. 2d 42 (1947). However, this principle applies when, and only when, there is evidence of guilt of the lesser degrees. *State v. Smith,* 201 N.C. 494, 160 S.E. 577 (1931). "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor." *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954). Where all the evidence tends to show that the crime charged in the indictment was committed, and there is no evidence tending to show commission of a crime of less degree, the principle does not apply and it would be erroneous for the court to charge on the unsupported lesser degree. *State v. Manning,* 221 N.C. 70,

Adler v. Insurance Co.

18 S.E. 2d 821 (1942) ; *State v. Sawyer*, 224 N.C. 61, 29 S.E. 2d 34 (1944) ; *State v. Bell*, 228 N.C. 659, 46 S.E. 2d 834 (1948). These principles were recently analyzed and applied in *State v. Duboise*, 279 N.C. 73, 181 S.E. 2d 393 (1971). *Compare State v. Freeman*, 275 N.C. 662, 170 S.E. 2d 461 (1969).

[4]   The record in this case is barren of any evidence tending to show that the defendant may be guilty of a lesser included offense. All the evidence is to the effect that defendant had actual sexual intercourse with Miss Holloway by force and against her will and that her resistance ceased solely because she feared death or serious bodily harm. There is not a scintilla of evidence that she willingly submitted or that the rape was not consummated. The defense is alibi. Hence, there being no evidence from which the jury could find defendant guilty of the included crimes of assault with intent to commit rape, or assault on a female, the court properly refused to instruct the jury with reference to such verdicts. *State v. Williams*, 275 N.C. 77, 165 S.E. 2d 481 (1969). Defendant's second assignment of error is overruled.

In the trial below, we find

No error.