STATE OF NORTH CAROLINA v. JAMES BOBBY HARRINGTON

No. 748SC528

(Filed 17 July 1974)

1. Criminal Law §§ 75, 162— admissibility of defendant's statements — no voir dire — failure to object in trial court

Where defendant did not object at trial to the admission of certain statements made by him to arresting officers, he cannot, upon appeal, raise the issue that the court erred in failing to hold a *voir dire* examination to determine voluntariness of the statements.

2. Homicide § 30— second degree murder — failure to submit lesser included offenses

In a second degree murder prosecution where the State's evidence tended to establish second degree murder, but defendant's evidence tended to show accident or misadventure, the trial court properly instructed on accident and properly failed to instruct on the lesser included offenses of voluntary manslaughter and involuntary manslaughter.

ON *certiorari* to review order of *Canaday, Judge,* 30 July 1973 Session of Superior Court held in WAYNE County.

Defendant was tried upon a bill of indictment charging him with the first-degree murder of Willie Mae Evans on 24 March 1973. In open court the assistant district attorney announced that the State elected to try defendant only for second-degree murder or such lesser included offenses as the evidence might justify. The court instructed the jury that they could return either a verdict of guilty of murder in the second degree or not guilty. The jury returned a verdict of guilty of second-degree murder and the court entered judgment sentencing defendant to a prison term of not less than twenty-five nor more than

thirty years. Defendant was given credit for 138 days spent in jail awaiting trial.

*Attorney General Robert Morgan, by Assistant Attorneys General James E. Magner, Jr., and Claude W. Harris, for the State.*

*Baddour and Lancaster, by Philip A. Baddour, Jr., for defendant.*

BRITT, Judge.

[1]  Defendant first assigns as error the court's admitting into evidence certain statements made by him to the arresting officers, without first conducting a *voir dire* examination to determine their voluntariness. The assignment has no merit.

The record discloses that defendant made no objection to the testimony now challenged. In *State v. Williams*, 276 N.C. 703, 174 S.E. 2d 503 (1970), our Supreme Court quoted with approval from 29 Am. Jur. 2d, Evidence § 583, as follows: "Where no proper and timely objection to the voluntariness of a confession is made, or no request is made for an examination as to its voluntariness, no preliminary examination or hearing is required with respect to such question, and the defendant cannot, upon an appeal, raise the issue that the court erred in failing to conduct such a preliminary examination."

Defendant's second assignment of error is to the denial of his motion for judgment as of nonsuit. We have carefully reviewed the evidence and concluded that it was more than sufficient to survive the motion. The assignment is overruled.

Defendant's third assignment of error relates to a portion of the jury charge. We have thoroughly considered this assignment and find it to be without merit.

[2]  Defendant's fourth assignment concerns the failure of the court to instruct on the lesser included offenses of voluntary and involuntary manslaughter. This assignment is without merit.

The trial court is not required to charge on lesser degrees of the crime charged when there is no evidence to sustain a verdict of defendant's guilt of such lesser degrees. *State v. Griffin*, 280 N.C. 142, 185 S.E. 2d 149 (1971). Pertinent evidence in favor of the State tended to show: Defendant, his wife, his brother, and the victim (Evans) were at the mobile home of

State v. Harrington

the defendant drinking liquor. While defendant and his brother were talking in the living room, Evans and defendant's wife were working in the kitchen. During the course of the period of time in question, defendant got his rifle and loaded it. Thereafter, defendant and his brother left the home to get more liquor. Returning, they resumed their drinking. A little later defendant, without warning, grabbed the rifle and pointed it at his brother, saying, "I'll shoot you." Evans came to the kitchen door and told defendant not to shoot, at which point defendant then shot Evans three times, killing her.

Defendant stipulated that Evans died as a result of being shot three times with a .22 caliber rifle, the first bullet striking her in her left upper chest, and the second and third bullets striking her in her abdomen; that the first bullet was lethal in that it struck a portion of her heart.

As a witness for himself, defendant testified that he had started out of the trailer with his rifle to shoot targets when someone called; that he returned to the kitchen where Evans was, stumbled over a chair, and the rifle discharged, hitting her.

Murder in the second degree is the unlawful killing of a human being with malice, but without premeditation and deliberation. 4 Strong N. C. Index 2d, Homicide § 5, p. 197. A presumption of malice arises from a killing which results from the intentional use of a deadly weapon. *State v. Johnson*, 278 N.C. 252, 179 S.E. 2d 429 (1971). Evidence presented by the State in the instant case tended to establish murder in the second degree.

Defendant's evidence tended to show accident or misadventure. In *State v. Faust*, 254 N.C. 101, 112, 118 S.E. 2d 769, 776 (1961), we find:

> " 'Where the death of a human being is the result of accident or misadventure, in the true meaning of the term, no criminal responsibility attaches to the act of the slayer. Where it appears that a killing was unintentional, that the perpetrator acted with no wrongful purpose in doing the homicidal act, that it was done while he was engaged in a lawful enterprise, and that it was not the result of negligence, the homicide will be excused on the score of accident.' 26 Am. Jur., Homicide, s. 220, p. 305. The negligence referred to in the foregoing rule of law has been declared by

this Court to mean something more than actionable negligence in the law of torts. It imports wantonness, recklessness or other conduct, amounting to culpable negligence. (Citations.)"

The trial court fully instructed the jury on the question of accident or misadventure, specifically charging that if they were satisfied that defendant shot Evans by accident, it would be their duty to return a verdict of not guilty.

We hold that there was no evidence to sustain a verdict of manslaughter or involuntary manslaughter, therefore, the court did not err in failing to submit those offenses as alternative verdicts.

No error.

Judges CAMPBELL and PARKER concur.