STATE OF NORTH CAROLINA v. JOSEPH EDWARD KING

No. 7428SC1003

(Filed 21 May 1975)

**Homicide § 19— self-defense — deceased's character as a violent man — permissible rebuttal limited to reputation for peace and quiet**

   When and after evidence as to the character of deceased as a violent and dangerous man is offered by defendant and admitted by the court, the State may then offer evidence in rebuttal, but such evidence must be in rebuttal and limited to the general reputation of the deceased for peace and quiet; therefore, defendant is entitled to a new trial where the court allowed the State, over defendant's timely objections, to ask witnesses about deceased's general reputation in the community.

ON *certiorari* to review trial before *Martin, (Harry C.), Judge*. Judgment entered 21 February 1974 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 17 February 1975.

Defendant was tried for the murders of Donald McMahan and Jim Surrett. The jury could not agree on a verdict in the case involving Surrett. The verdict was guilty of voluntary manslaughter in the shooting of McMahan. Judgment was entered imposing a prison sentence of not less than 14 nor more than 17 years.

*Attorney General Edmisten, by Assistant Attorney General Charles M. Hensey, for the State.*

*Robert S. Swain, for defendant appellant.*

VAUGHN, Judge.

Defendant did not deny the shootings but contended that he believed his actions necessary in order to save himself and his wife from death or great bodily harm. The reasonableness of that belief was one of the critical issues the jury had to resolve. Defendant offered evidence as to the character of the deceased as a violent and dangerous man and that defendant knew this. "When and after such evidence is offered by the defendant and admitted by the court, the State may then offer evidence in rebuttal, but such evidence must be in rebuttal and limited to the general *reputation of the deceased for peace and quiet*." (Emphasis added.) *State v. Champion*, 222 N.C. 160, 161, 22 S.E. 2d

232, 233. Evidence of the general good character of the deceased is incompetent and the admission of it constitutes prejudicial error. *State v. Champion, supra; State v. Johnson,* 270 N.C. 215, 154 S.E. 2d 48.

In the case before us the State, in rebuttal, called a number of witnesses and asked them about the deceased's "general reputation in the community." Despite defendant's timely objections the improper questions and the incompetent answers were allowed. In this case there can be little doubt that the error in doing so was prejudicial to defendant.

Defendant has brought forward numerous other exceptions, some of which appear to have merit. Since, however, there must be a new trial we need not discuss them as they may not recur. *State v. Champion, supra.*

New trial.

Chief Judge BROCK and Judge MARTIN concur.