STATE OF NORTH CAROLINA v. NANCY LASSITER PILAND

No. 786SC518

(Filed 17 October 1978)

1. **Homicide § 21.9— voluntary manslaughter—killing of husband by wife—sufficiency of evidence**

   Evidence was sufficient for the jury in a homicide prosecution where it tended to show that defendant and the victim were alone in their residence; a witness heard loud talking and four or five shots; defendant emerged from the house and asked the witness how long he had been there, to which he responded "a right good while"; defendant told the witness to say nothing and to wipe off her gun and hide it; defendant gave the witness twenty dollars; the witness hid the gun under the tongue of his trailer which was near defendant's house; a pistol was found at the end of the witness's trailer; it was the pistol which fired the bullet that killed the victim, defendant's husband; and defendant knew that her husband had been having an affair with another woman.

2. **Homicide § 30.3— failure to instruct on involuntary manslaughter—no error**

   The trial court did not err in failing to instruct the jury on the offense of involuntary manslaughter where there was no evidence of an unintentional killing or of a culpably negligent killing upon which a finding of involuntary manslaughter could be made.

APPEAL by defendant from *Rouse, Judge*. Judgment entered 13 January 1978 in Superior Court, HERTFORD County. Heard in the Court of Appeals 28 September 1978.

The defendant was indicted for murder, placed on trial for second degree murder, and found guilty of voluntary manslaughter. Judgment of imprisonment for a term of not less than twelve nor more than fifteen years was entered.

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*Cherry, Cherry & Flythe, by Thomas L. Cherry and Joseph J. Flythe, for the defendant.*

BROCK, Chief Judge.

There were discrepancies and contradictions in the evidence at trial, both for the State and for the defendant. There were matters for the jury to resolve. All of the discrepancies and contradictions, as well as the credibility of the witnesses, were fully explored before the jury and its verdict has resolved them. Defendant seems to suggest that the court must analyze and weigh the evidence and allow her motion to dismiss unless the evidence points unerringly to her guilt and excludes every reasonable hypothesis of her innocence. "To hold that the court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of the facts. Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury." *State v. Stephens*, 244 N.C. 380, 383-84, 93 S.E. 2d 431, 433-34 (1956).

[1] In the present case the testimony of Robert Ford (who was in custody on a charge of accessory after the fact of murder arising out of the killing in this case) when viewed in the light most favorable to the State tends to show the following: the defendant and the victim were alone in their residence; there was "sorta loud" talking; he heard four or five shots; a few minutes after he heard the shots defendant emerged from the house and asked Ford how long he had been there, to which he responded "a right good while"; defendant said to Ford, "don't say anything about what you heard, take this gun and wipe it off and go hide it; here is a twenty dollar bill"; Ford hid the pistol in a shallow hole under the tongue of his trailer residence, which was near defendant's house; a pistol was found at the end of Ford's trailer; that it was the pistol which fired the bullet that killed the victim, defendant's husband; and that in defendant's knowledge her husband, the victim, had been having an affair with one Elizabeth Smith.

We think this evidence clearly distinguishes this case from those relied upon by defendant. Here there is no need for conjecture as to the time and place of the killing, defendant's sole presence with the victim at the time of the shooting, her actions immediately after the shooting, and a motive for the shooting. Defendant's assertion that Robert Ford came into her house and shot the victim was fully explored before the jury and the jury rejected that assertion. In our opinion the motion to dismiss was properly denied.

[2] Defendant argues that the trial judge committed prejudicial error in failing to instruct the jury on the offense of involuntary manslaughter. The necessity for instructing the jury on a lesser included offense arises when and only when there is evidence from which the jury could find that such lesser included offense was . committed. The presence of such evidence is the determinative factor. *State v. Griffin*, 280 N.C. 142, 185 S.E. 2d 149 (1971). When there is no evidence of such lesser included offense the court should not charge on the lesser included offense. *State v. Hampton*, 294 N.C. 242, 239 S.E. 2d 835 (1978).

Involuntary manslaughter is defined as "the unlawful and unintentional killing of another human being without malice and which proximately results from the commission of an unlawful act not amounting to a felony or not naturally dangerous to human life, or from the commission of some act done in an unlawful or culpably negligent manner, or from the culpable omission to perform some legal duty." *State v. Everhart*, 291 N.C. 700, 702, 231 S.E. 2d 604, 606 (1977). In this case there is no evidence of an unintentional killing or of a culpably negligent killing upon which a finding of involuntary manslaughter could be made. Indeed, it is defendant's argument and contention that the State's witness, Robert Ford, deliberately shot and killed the victim. We find no error in the refusal of the trial judge to instruct the jury on involuntary manslaughter.

We have examined defendant's assignments of error to the charge of the court and find them to be without merit.

No error.

Judges CLARK and MARTIN (Harry C.) concur.