STATE OF NORTH CAROLINA v. SANFORD WILLIAM HIGGS

No. 799SC34

(Filed 31 July 1979)

**Homicide § 30.2— second degree murder—failure to instruct on manslaughter**

The trial court in a second degree murder case erred in failing to submit to the jury the charge of voluntary manslaughter where evidence of defendant's statement that he shot deceased would permit an inference that he intentionally shot deceased, but the jury would not have to infer that the killing was done with malice.

APPEAL by defendant from *Walker (Ralph), Judge.* Judgment entered 18 October 1978 in Superior Court, PERSON County. Heard in the Court of Appeals 4 April 1979.

The defendant was tried for second degree murder. The State's evidence showed that defendant who is paralyzed from the waist down lived in a house with his stepfather Jack Cates. On 21 May 1978 Jack Cates was shot to death with a shotgun. Pete Slaughter, a deputy sheriff of Person County, went to the house in which defendant and Jack Cates lived and in which the body was found and started to advise defendant of his constitutional rights. Before he could complete advising defendant of his rights, the defendant said "I shot him. I ain't going to tell you any damn thing else until you search the house." Frederick Mark Hurst, Jr., a special agent with the State Bureau of Investigation, testified: "the deceased had been shot from a range of not less than four feet nor more than ten feet." Defendant testified that Jack Cates was accidentally shot while they were struggling for possession of the shotgun.

The court submitted to the jury charges of second degree murder and involuntary manslaughter. Defendant was convicted of second degree murder.

*Attorney General Edmisten, by Associate Attorney Christopher P. Brewer, for the State.*

*Burke and King, by Ronnie P. King, for defendant appellant.*

WEBB, Judge.

We reverse the superior court for failing to submit to the jury the charge of voluntary manslaughter. A defendant is entitled to have the different permissible verdicts arising on the evidence presented to the jury under proper instructions. The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such crime of lesser degree was committed. The presence of such evidence is the determinative factor. *See State v. Griffin,* 280 N.C. 142, 185 S.E. 2d 149 (1971); *State v. Carnes,* 279 N.C. 549, 184 S.E. 2d 235 (1971), and 4 Strong, N.C. Index 3d, Criminal Law, § 115, p. 610 and cases cited therein. In this case the State's evidence was in part

circumstantial. There was evidence that defendant said he had shot deceased. From this the jury could infer that he had intentionally shot deceased with malice. The jury did not have to make this inference however. *State v. Hodges*, 296 N.C. 66, 249 S.E. 2d 371 (1978). The jury could infer that defendant intentionally shot Jack Cates which proximately caused his death, but they would not have to infer it was done with malice. This would be voluntary manslaughter. *State v. Rummage*, 280 N.C. 51, 185 S.E. 2d 221 (1971). There being evidence from which the jury could have found the defendant guilty of voluntary manslaughter, it was error not to submit this charge to the jury.

New trial.

Judges MARTIN (Robert M.) and MITCHELL concur.