STATE OF NORTH CAROLINA v. JON LEE BRIDWELL

No. 8115SC906

(Filed 6 April 1982)

1. **Rape and Allied Offenses § 4.3— evidence of victim's use of birth control pills—evidence that victim told defendant of use—properly excluded**

   Under G.S. 8-58.6, the trial court did not err in excluding testimony that the victim was using birth control pills at the time of the alleged rape. Further, from the record, the Court can find no prejudicial error in the court's refusal to allow evidence that the prosecuting witness told defendant, during the time of the incident, that she was using birth control pills.

2. **Rape and Allied Offenses § 4— corroborating testimony by officer**

   The trial court did not commit prejudicial error by allowing a police officer to testify that the prosecuting witness had told him that "the only thing that kept running through her mind was a scene from a movie which she had seen named 'Looking for Mr. Goodbar' in which a girl was killed in a similar .situation." The evidence was admissible to corroborate testimony of a previous witness.

3. **Rape and Allied Offenses § 5— second degree rape—sufficiency of evidence**

   Where the evidence taken in the light most favorable to the State established all the elements of second degree rape, the trial court did not err in failing to grant defendant's motion for nonsuit.

4. **Criminal Law § 99.11— court's comment to jury—no error**

   The trial court did not err in stating to the jury before the arguments of counsel that he had earlier stated "the defendant would have an opportunity to present evidence, but whether he did so or not was up to him."

APPEAL by defendant from *McLelland, Judge.* Judgment entered 7 January 1981 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 4 February 1982.

The defendant appeals from a conviction of second degree rape and a maximum prison sentence of eight years.

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Raiford & Harviel, by R. Chase Raiford, for defendant appellant.*

BECTON, Judge.

The defendant brings forth six arguments on this appeal: (1) that the trial court erred when it applied the rape victim shield statute to evidence concerning the use of birth control pills by the prosecuting witness; (2) that the trial court erred in allowing into evidence statements made by the prosecuting witness to an investigating officer when the statement included new evidence not testified to by the prosecuting witness; (3) that the trial court erred in refusing to allow defendant's motions for dismissal at the close of the State's evidence; (4) that the trial court erred in commenting to the jury that the defendant had a right to present evidence but had elected not to do so, without further instructions that such an election should not prejudice him in any way; (5) that the trial court erred in its instruction to the jury that the defendant could be found guilty even if they found that the prosecuting witness could have resisted the defendant; and (6) that the trial court improperly expressed its opinion on the merits of the case in its instructions to the jury. We conclude that defendant's trial was free of prejudicial error. Our analysis follows.

I

The defendant's conviction arises from an alleged rape of an 18-year old Elon College freshman on 5 September 1980. The victim had gone to the Ramada Inn Motel in Burlington to attend a dance. While at the dance, she met the defendant for the first time, after which she danced and had drinks with him. Thereafter, the two left the dance hall and went outside to talk. "While we were sitting there, he asked me if I would like a beer and I said yes, sure; so we walked to his room. He just opened the door and he walked in and I left the door open."

From this point on, the evidence from the parties is in conflict. The evidence from the State tends to show the following.

After entering the room, the prosecuting witness sat on the bed; the defendant went to the bathroom but returned without

beer and with no shoes on; the two of them sat on the bed and watched TV for a while, during which time the defendant attempted to kiss her. After the kissing attempt, the prosecuting witness started to leave the room but was prevented from doing so by the defendant. The defendant clasped his hand over her mouth and pushed her onto the bed. The prosecuting witness was told to take her pants off or someone would get hurt. The defendant ended up disrobing her from the waist down. The prosecuting witness, afraid for her safety at this time, pleaded to go to the bathroom, which she was allowed to do. While inside the locked bathroom, she contemplated things to do but was primarily concerned that anything she attempted would anger the defendant and thereby increase the danger to herself. She, therefore, went back into the room where she was pushed back onto the bed and was thereafter sexually assaulted by the defendant. She managed to escape when he collapsed. The prosecuting witness reported the incident to her friends and later to the police.

The defendant presented no evidence, nor did he testify on his own behalf. Evidence of the defendant's version of the incident was introduced by the State, in the form of testimony by Lieutenant Jerry Barbee of the Burlington Police. As related by Lt. Barbee, the defendant's story tends to show the following.

The defendant met the prosecuting witness at the dance, danced with her, had some beer with her and then left the lounge area in order to take a walk and get some air. After leaving the lounge area, they went to his room. The television was not on, and they were on the bed talking and began to kiss. He stated to the prosecuting witness that he was tired and sleepy and was ready to go to bed. After disrobing, he got under the covers to go to sleep. Soon afterwards he was joined by the prosecuting witness who had also disrobed. They thereafter had sexual intercourse. Some conversation followed and the prosecuting witness later got up, dressed, and left.

II

[1] The defendant challenges the constitutionality and the application of G.S. 8-58.6, the Rape Shield Statute, to his case. We readily dispose of his constitutional argument on the authority of *State v. Fortney*, 301 N.C. 31, 269 S.E. 2d 110 (1980). There, our Supreme Court held that the statute did not deny the defendant

his Sixth Amendment right to confront a witness. The Court upheld the statute stating that (1) "there [was] no constitutional right to ask a witness questions that are irrelevant;" (2) that the statute was "primarily procedural and does not alter any of defendant's substantive rights;" and (3) that the statute was supported by "valid policy reasons, aside from relevance questions. . . ." *Id.* at 35-36, 269 S.E. 2d at 112.

The Court went on to say that the statute was "nothing more . . . than a codification of this jurisdiction's rule of relevance as that rule specifically applies to the past sexual behavior of rape victims." *Id.* at 37, 269 S.E. 2d at 113. "[Evidence] is relevant if it reasonably tends to establish the probability or the improbability of a fact in issue." *Freeman v. Ponder*, 234 N.C. 294, 304, 67 S.E. 2d 292, 300 (1951). If the probative value of the evidence is outweighed by its prejudicial effects, the evidence is to be excluded. *Pearce v. Barham*, 267 N.C. 707, 149 S.E. 2d 22 (1966).

In the case *sub judice*, the State moved, out of the presence of the jury, to exclude introduction of evidence that the victim was using birth control pills at the time of the alleged rape. After hearing arguments from counsel for both sides, the court ruled that evidence of the use of contraceptive pills was evidence of sexual activity and that it was excluded by G.S. 8-58.6. That may be true, and with this ruling, we have no quarrel. After this ruling, counsel for defendant inquired of the court if evidence that the prosecuting witness had told defendant, during the time of the incident, that she was using birth control pills could be introduced by direct evidence from the defendant. This request was denied. On this particular point we find no prejudicial error.

It is quite probable that a statement by a prosecuting witness to a defendant that she was using birth control pills may be relevant on a fact situation similar to this one. That is, if a prosecuting witness were to make such a statement to a defendant and then disrobe and follow him into bed as the defendant maintains was done here, it would seem to us that the evidence would be relevant on the issue of consent. We cannot say as much for this trial, however. The defendant did not tender evidence at the *voir dire* hearing showing the context of the statement. We are unable to determine from the record what the testimony would have been or what the circumstances surrounding the

statement were. Such information is critical to our review. The lack of evidence on the circumstances surrounding which the alleged statement was made prevents us from finding any prejudice to the defendant. As was stated in *State v. Milano,* 297 N.C. 485, 497, 256 S.E. 2d 154, 161 (1979), "we cannot tell whether the court's ruling prejudiced the defendant in any way." Consequently, we overrule this assignment of error.

### III

[2] The defendant next argues that the court erred when it allowed the police officer to testify that the prosecuting witness had told him that "the only thing that kept running through her mind was a scene from a movie which she had seen named 'Looking for Mr. Goodbar' in which a girl was killed in a similar situation." We find no prejudicial error.

Evidence is admissible to corroborate the testimony of a previous witness, and whether it in fact corroborates the witness' testimony is a question for the jury. *State v. Case,* 253 N.C. 130, 136, 116 S.E. 2d 429, 433 (1960), *cert. denied* 365 U.S. 830, 5 L.Ed 2d 707, 81 S.Ct. 717 (1961). The testimony by Officer Barbee does contain the additional sentence above, the import of which is no different from what the witness had testified to earlier. Our courts have held that slight variances in original and corroborating testimony do not render the evidence inadmissible. *State v. Bryant,* 282 N.C. 92, 97, 191 S.E. 2d 745, 749 (1972), *cert. denied sub nom White v. North Carolina,* 410 U.S. 958, 35 L.Ed. 2d 691, 93 S.Ct. 1432 (1973). Any possibility of prejudice was reduced by the court's elaborate instruction on corroboration evidence. This assignment of error is overruled.

### IV

[3] The defendant next contends that the trial court erred when it denied defendant's motion for nonsuit at the end of the State's evidence. We summarily dismiss this assignment as the law is clear: On a motion for nonsuit, the court is to consider the evidence in the light most favorable to the State and every inference which can be drawn therefrom. If the evidence and inferences establish all of the elements of the offense charged, the motion for nonsuit must be denied. *State v. Bell,* 285 N.C. 746, 750, 208 S.E. 2d 506, 508 (1974). The evidence here, taken in the

light most favorable to the State, established all of the elements of second degree rape.

### V

**[4]** The defendant's next assignment of error is that the trial court erred in commenting to the jury that the defendant had no duty to present evidence without further telling them that such a decision should not prejudice him in any way. We do not disagree with the defendant that a trial court is required to instruct the jury that the defendant's choice not to present evidence or testify in his behalf should not be held against him. We do not agree with the defendant's argument on the facts of this case, however. In the present case, the court's comment to the jury was no more than an explanation to the jurors of the stage of the proceedings. The court's comments are set out below, and they clearly show that the court did not err.

> Members of the jury, I will ask you next to listen to the arguments that counsel will make you. You remember I mentioned earlier (that the defendant would have an opportunity to present evidence, but whether he did so or not is up to him. He has elected not to do so and the hour is such that we cannot finish this afternoon.) [S]o I told them I'll let them do their arguments seriatim in the morning and that gives you a little early break today.

### VI.

The defendant's last two assignments involve the court's instruction to the jury which is set out below:

> Please note that the proof of guilt required by the law does not include proof that [the prosecuting witness] exercised sound judgment or conducted herself in such a fashion that there would have been no opportunity for defendant to have sexual intercourse with her. If you find beyond a reasonable doubt that the defendant had sexual intercourse with her by force and against her will, though you also find that that would have [sic] have occurred had she not gone to the defendant's room or, having gone, had fled at defendant's first advance or had kept herself locked in the bathroom or had screamed or had otherwise offered resistance, your duty would be to return a verdict of guilty.

We find no error in the court's charge. Even though the language used may be unusual, the defendant was not prejudiced since the court repeatedly charged the jury that they had to find, beyond a reasonable doubt, that defendant raped the prosecuting witness.

For the foregoing reasons, we find

No error.

Judge HEDRICK and Judge HILL concur.