STATE OF NORTH CAROLINA v. JOSEPH McKINLEY DANIELS, JR.

No. 8214SC17

(Filed 5 October 1982)

1. **Assault and Battery § 15.3— felonious assault—instruction on serious injury—harmless error**

 In a prosecution for assault with a deadly weapon inflicting serious injury, the trial court erred in instructing the jury that if it believed the evidence in the case which tended to show that the victim was twice shot in the upper part of his body with a .32 caliber pistol, it will have found that a serious injury was inflicted. However, such error was not prejudicial where the evidence of the victim's injuries was uncontradicted and no reasonable trier of fact could have found that there was no serious injury.

2. **Assault and Battery § 15.6— instruction on issue of whether defendant was the aggressor**

 The trial court in a prosecution for felonious assault did not err in including in the charge on self-defense the issue of whether defendant was the aggressor since (1) evidence tending to show that defendant, without provocation, assaulted his victim by shooting him in the chest was evidence that he was the aggressor, and (2) the trial court was required to instruct the jury on all the elements of self-defense, including whether defendant was the aggressor.

3. **Criminal Law § 89.3— corroboration of witnesses—prior consistent statements**

 The trial court properly permitted an officer to testify as to prior consistent statements made by two State's witnesses for the purpose of corroborating the testimony of those witnesses.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 30 July 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 31 August 1982.

Defendant was convicted of assault with a deadly weapon inflicting serious injury, in violation of G.S. 14-32(b). He was sentenced to seven years imprisonment.

The evidence tends to show the following. Defendant and the victim, Trice, were at a friend's house when an argument broke out. Defendant shot Trice two times in the upper part of his body with a .32 caliber pistol. Trice was hospitalized for twenty days and had an operation to remove one of the bullets. The other bullet is still in his body near his spine. State's evidence tended to show that Trice was unarmed when defendant shot him. Defendant's evidence tended to show that he acted in self-defense when he shot Trice.

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Assistant Appellate Defender Nora B. Henry, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant presents three arguments on appeal. His first argument is that the trial judge erred when he instructed the jury on "serious injury." The trial judge explained serious injury in the context of the case by stating:

> Now, the intentional infliction of a pistol wound upon the body of a person which throws a .32 caliber bullet into the body of that person, or the intentional infliction of two pistol wounds upon the body of a person which projects two .32 caliber bullets into the body of a human being is a serious injury.

The trial judge continued:

> [I]f you believe the evidence in this case that tends to show that *Trice was twice shot in the upper part of his body with a .32 caliber pistol . . .* then I instruct you that you will have found, if you are satisfied of that beyond a reasonable

doubt, I instruct you that you will have found that a serious injury was inflicted. (Emphasis added.)

This instruction is erroneous. The essential elements of assault with a deadly weapon inflicting serious injury are: an assault, the use of a deadly weapon, and the infliction of serious injury, not resulting in death. The jury must find the existence of each element. In *State v. Whitted,* 14 N.C. App. 62, 187 S.E. 2d 391 (1972), defendant was charged with assault with a firearm with intent to kill and inflicting serious injury. The trial court instructed the jury:

> "I charge you for you to find the defendant guilty of assault with a deadly weapon inflicting serious injury, and *you will find that there was serious injury,* if you believe the evidence as it all tends to show here, *no question about the serious injury,* the State must prove three things beyond a reasonable doubt: First, that the defendant acted intentionally—that is not in self-defense; Second, that the defendant shot the prosecuting witness with a 38 caliber pistol; and third, that the 38 caliber pistol was a deadly weapon." (Emphasis supplied.)

*State v. Whitted,* 14 N.C. App. at 63-64, 187 S.E. 2d at 392. The trial court failed to instruct the jury that they must find beyond a reasonable doubt that serious injury was inflicted by defendant. Instead, the court told the jury that there was a serious injury. This error required a new trial.

Defendant argues that the instruction in this case was similar to that in *State v. Whitted, supra,* and he is entitled to a new trial. We do not agree. An important difference between the two cases is that in *State v. Whitted, supra,* there was dispute over the injuries suffered by the victim, but in this case defendant offered no evidence as to Trice's injuries.

In *State v. Springs,* 33 N.C. App. 61, 234 S.E. 2d 193, *review denied,* 293 N.C. 163, 236 S.E. 2d 707 (1977), the evidence of the victim's injuries was uncontradicted. The trial judge instructed the jury:

> "The fourth thing that the State must prove beyond a reasonable doubt is that the defendant inflicted serious injury, and you have heard testimony with respect to the injuries which the witness Brooks received, *and I charge you*

*that those would constitute serious injuries."* (Emphasis supplied.)

*State v. Springs,* 33 N.C. App. at 63, 234 S.E. 2d at 195. Since the evidence was uncontradicted, and the injury to the victim was extremely serious, this Court held that the trial court may instruct the jury that if they believe the evidence as to injuries, they will find that there was serious injury.

This case is similar to *State v. Springs, supra,* in that the evidence of Trice's injuries was uncontradicted, and his injuries were obviously serious. Although the instructions were erroneous, there was no prejudicial error because no reasonable trier of fact could have found that there was no serious injury.

[2] Defendant's second argument is that the trial judge erred in his instruction on self-defense when he included in the charge the issue of whether defendant was the aggressor because, defendant argues, there was no evidence that defendant was the aggressor. In the first place, the State's evidence tends to show that defendant, without provocation, assaulted his victim by shooting him in the chest. This is, obviously, evidence that he was the aggressor. Moreover, according to the rule set forth in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975), the State must establish all elements of a criminal offense beyond a reasonable doubt, and presumptions which shift the burden to the defendant violate the Due Process Clause of the Fourteenth Amendment. Thus the State must prove, beyond a reasonable doubt, the absence of self-defense. The trial judge was required to instruct the jury on all the elements of self-defense, including whether defendant was the aggressor.

[3] Defendant's third argument is that the trial judge erred in allowing the prosecutor to use the prior inconsistent statement of a State's witness as substantive evidence and to impeach the State's witness. That is not what happened. The statements were prior consistent statements, and they were used for corroboration only. On direct examination, Mr. Floyd, a witness for the State, testified that he saw Trice take a butcher knife out of a drawer and hide it behind his back. Then Floyd told Trice to put it away, and Trice put the knife back in the drawer. Mr. Dukes, another witness for the State, testified on direct examination that he saw Trice take the knife out of the drawer, and put it away. Then the

State sought to corroborate the testimony of Floyd and Dukes by Officer Johnson's testimony. Johnson testified as to what Floyd and Dukes told him when he arrived at the scene. Before Johnson related what Floyd told him, the trial judge gave the jury this limiting instruction:

> You may consider the witness' testimony concerning what Mr. Floyd told him for one purpose and one alone. You may not consider it as bearing upon the question of guilt or innocence. It is not substantive evidence, you may consider it as corroborative of testimony already given to you by the witness Floyd if you find that it corroborates what Floyd has told you. If you find that it does not corroborate Floyd in any respect, then in that respect you may not consider it at all.

Prior consistent statements of a witness are admissible, as corroborative evidence, to strengthen the credibility of the witness. This is true even if the witness has not been impeached. *State v. Perry*, 298 N.C. 502, 259 S.E. 2d 496 (1979); 1 Brandis on North Carolina Evidence § 50 (1982). The prior consistent statements are admissible only when they are consistent with the testimony of the witness at trial, and the statements are admitted solely for the purpose of corroboration, not as substantive evidence. Since the trial judge instructed the jury that they were to consider it solely as corroborative evidence, there was no error. Furthermore, since defendant did not object to Johnson's testimony when Johnson first stated what Floyd told him or to the trial judge's instruction, he waived any objection that he might have. *State v. Willard*, 293 N.C. 394, 238 S.E. 2d 509 (1977).

Defendant also contends that since Johnson's testimony is slightly inconsistent with Floyd's and Dukes' testimony at trial, it is offered to impeach rather than corroborate. The "inconsistency" is that Floyd and Dukes did not tell Johnson anything about the butcher knife, but they testified about the knife at trial. This is not a direct contradiction, it is just a less complete statement. The fact that there are slight variations between the two statements goes only to the statement's corroborative weight, not its admissibility. *State v. Easterling*, 300 N.C. 594, 268 S.E. 2d 800 (1980). Any possibility of prejudice because of the slight variance was reduced by the court's instruction on corroboration evidence. *State v. Bridwell*, 56 N.C. App. 572, 289 S.E. 2d 842 (1982).

We have carefully reviewed defendant's assignments of error and find no error.

No error.

Judges HILL and JOHNSON concur.