State v. Ward

STATE OF NORTH CAROLINA v. JEFFREY WARD

No. 823SC793

(Filed 5 April 1983)

1. **Rape and Allied Offenses § 4.3— evidence that victim told defendant of birth control use—exclusion as harmless error**

   Cross-examination of the prosecutrix in a rape case as to whether she told defendant just prior to sexual intercourse that she was taking birth control pills was not improper under G.S. 8-58.6 as evidence of sexual activity by the prosecutrix, but the trial court's refusal to permit such cross-examination was not prejudicial error where defendant failed at the voir dire hearing to develop the context in which the statement was made by the prosecutrix and failed to show its relevancy to the issue of consent.

2. **Criminal Law § 86.5— cross-examination of defendant about specific acts of misconduct**

   The trial court in a rape case did not err in ruling on defendant's motion *in limine* that, if defendant took the stand, the State might be permitted to question defendant about (1) a specific act of sexual assault in Pennsylvania in which the charges had been dismissed, (2) two charges of assault on a female to which defendant had entered pleas of guilty, and (3) whether defendant knew a named female, who would be present in the courtroom, and whether he had raped her, since a defendant who testifies may be impeached by questions about prior convictions and specific acts of misconduct as long as the district attorney acts in good faith and does not ask about or refer in his questions to prior arrests, indictments, charges or accusations.

APPEAL by defendant from *Peel, Judge.* Judgment entered 19 March 1982 in Superior Court, CARTERET County. Heard in the Court of Appeals 8 February 1983.

From a conviction of second degree rape and a judgment imposing a prison sentence of twelve years, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*Wheatley, Wheatley & Nobles, by Stevenson L. Weeks, for defendant-appellant.*

EAGLES, Judge.

[1]   Defendant assigns as error the refusal of the trial court to allow the defendant to cross-examine the prosecuting witness as to whether she told the defendant just prior to sexual intercourse that she was taking birth control pills. This testimony is not excludable under G.S. 8-58.6 as evidence of sexual activity of the complainant, but we must reject defendant's argument for admissibility on the basis of *State v. Bridwell,* 56 N.C. App. 572, 289 S.E. 2d 842 (1982).

> It is quite probable that a statement by a prosecuting witness to a defendant that she was using birth control pills may be relevant on a fact situation similar to this one. That is, if a prosecuting witness were to make such a statement to a defendant and then disrobe and follow him into bed as the defendant maintains was done here, it would seem to us that the evidence would be relevant on the issue of consent. We cannot say as much for this trial, however. The defendant did not tender evidence at the *voir dire* hearing showing the context of the statement. We are unable to determine from the record what the testimony would have been or what the circumstances surrounding the statement were. Such information is critical to our review. The lack of evidence on the circumstances surrounding which the alleged statement was made prevents us from finding any prejudice to the defendant. As was stated in *State v. Milano,* 297 N.C. 485, 497, 256 S.E. 2d 154, 161 (1979), "we cannot tell whether the court's ruling prejudiced the defendant in any way."

Id. at 575-76, 289 S.E. 2d at 844-45.

Here, as in *Bridwell,* defendant failed at the *voir dire* hearing to develop the context in which the prosecuting witness' statement was made and failed to show its relevancy to the issue of

consent. For this reason we find this assignment of error to be without merit.

[2] Defendant also assigns as error the trial court's tentative ruling on defendant's motion *in limine* that if defendant took the stand, the State might be permitted to question defendant about 1) a specific act of sexual assault in Pennsylvania in which the charges had been dismissed, 2) two counts of assault on a female in which defendant had entered a plea of guilty and 3) whether defendant knew a Linda Keel, who would be present in the courtroom, and whether he had raped her. Charges were also pending against defendant for the first degree rape of Ms. Keel. As a result of the court's denial of defendant's motion *in limine*, defendant Ward never took the stand.

When a defendant becomes a witness and testifies in his own behalf, he is subject to cross-examination like any other witness. For purposes of impeachment he may be questioned about prior convictions and any specific acts of misconduct which tend to impeach his character, as long as the district attorney acts in good faith and does not ask about or refer in his questions to prior arrests, indictments, charges or accusations. *State v. Herbin,* 298 N.C. 441, 259 S.E. 2d 263 (1979).

Since the judge's ruling required the State to first show that any questions regarding these specific acts of alleged misconduct would be asked in good faith, we find no reversible error.

For the above reasons in the trial we find

No error.

Judges HEDRICK and JOHNSON concur.