**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kareem Kenya Stevenson, Appellant.

Appellate Case No. 2021-000417

———————

Appeal From Jasper County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-387
Submitted November 1, 2023 – Filed December 6, 2023

———————

**AFFIRMED**

———————

Appellate Defender Sarah Elizabeth Shipe, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General David A. Spencer,
and Senior Assistant Attorney General Mark Reynolds
Farthing, all of Columbia; and Solicitor Isaac McDuffie
Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Kareem Kenya Stevenson appeals his sentence of ten years' imprisonment and convictions for trafficking in heroin, four grams or more but less

than fourteen grams; trafficking in cocaine base, ten grams or more but less than twenty-eight grams; and possession of cocaine. On appeal, Stevenson argues the trial court erred in (1) admitting drug evidence found on Stevenson and in the vehicle he was in because the officer did not have reasonable suspicion to initiate a traffic stop; (2) admitting testimony from police officers who were not qualified as expert witnesses to identify the substances found on Stevenson and in the vehicle as heroin, cocaine base, and marijuana; and (3) admitting evidence of marijuana at trial where Stevenson had not been charged with any crimes in connection with the marijuana. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court properly admitted drug evidence because there was reasonable suspicion to initiate a traffic stop. *See State v. Frasier*, 437 S.C. 625, 633, 879 S.E.2d 762, 766 (2022) ("[A]ppellate review of a motion to suppress based on the Fourth Amendment involves a two-step analysis."); *id.* at 633-34, 879 S.E.2d at 766 ("This dual inquiry means we review the trial court's factual findings for any evidentiary support, but the ultimate legal conclusion—in this case whether reasonable suspicion exists—is a question of law subject to de novo review."); *State v. Butler*, 353 S.C. 383, 389, 577 S.E.2d 498, 501 (Ct. App. 2003) ("The stopping of a vehicle and the detention of its occupants constitutes a seizure and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures."); *State v. Woodruff*, 344 S.C. 537, 546, 544 S.E.2d 290, 295 (Ct. App. 2001) ("A police officer may stop and briefly detain and question a person for investigative purposes, . . . when the officer has a reasonable suspicion supported by articulable facts, . . . that the person is involved in criminal activity."); *State v. Provet*, 405 S.C. 101, 108, 747 S.E.2d 453, 457 (2013) ("Violation of motor vehicle codes provides an officer reasonable suspicion to initiate a traffic stop."). When the driver of Stevenson's car turned right into the inner southbound lane of the highway, he violated a traffic statute because he made a wide right turn when it was practicable for him to turn closer to the edge of the road. *See* S.C. Code Ann. § 56-5-2120(a) (2018) ("Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway."); *West v. Sowell*, 237 S.C. 641, 647, 118 S.E.2d 692, 695 (1961) (holding the defendant violated a similar statute when he failed "to approach an intersection for a right turn as close as practical to the right hand edge of the roadway").

2. We hold Stevenson's argument that an officer's identification of the substances found in the vehicle was improper lay testimony was not preserved for appellate review because he did not object when the officer identified the substances found in the vehicle. *See State v. Jennings*, 394 S.C. 473, 481, 716 S.E.2d 91, 95 (2011) ("For an issue to be properly preserved it has to be raised to and ruled on by the

trial court."). However, we hold the trial court improperly admitted a different officer's testimony concerning the identity of the substances found on Stevenson and in the vehicle. *See State v. Commander*, 396 S.C. 254, 262-63, 721 S.E.2d 413, 417 (2011) ("The admission or exclusion of evidence is a matter within the trial court's sound discretion, and an appellate court may only disturb a ruling admitting or excluding evidence upon a showing of a 'manifest abuse of discretion accompanied by probable prejudice.'" (quoting *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845 847-48 (2006))). Identifying substances found without a chemical analysis is not rationally based on the perception of any witness. *See* Rule 701, SCRE ("If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which . . . are rationally based on the perception of the witness . . . ."). Additionally, testifying as to the identity of a specific drug requires specialized knowledge. *See id.* ("[T]he witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which . . . do not require special knowledge, skill, experience or training."). The officer was not present when the State's chemist determined the substances were heroin and crack cocaine. *See State v. Ostrowski*, 435 S.C. 364, 385, 867 S.E.2d 269, 279 (Ct. App. 2021) ("[O]fficers may provide lay opinions based on their observations, experience and training, but may not provide lay opinions on such matters if they did not either observe the events in question or actively participate in the investigation."); *id.* at 388-90, 867 S.E.2d at 281-82 (holding it was error to admit testimony from an officer "based on his 'general drug-investigation experience alone'" when he was not involved in the surveillance phase of the investigation). Nevertheless, admitting the testimony was harmless because a chemist with the South Carolina Law Enforcement Division identified the drugs as heroin and crack cocaine, making the officer's testimony cumulative to the chemist's testimony. *See State v. Reeves*, 301 S.C. 191, 194, 391 S.E.2d 241, 243 (1990) ("Error is harmless when it could not reasonably have affected the result of the trial."); *State v. Kirton*, 381 S.C. 7, 37, 671 S.E.2d 107, 122 (Ct. App. 2008) ("The admission of improper evidence is harmless where the evidence is merely cumulative to other evidence."); *State v. Broaddus*, 361 S.C. 534, 542, 605 S.E.2d 579, 583 (Ct. App. 2004) ("When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, this court should not set aside a conviction because of errors not affecting the result.").

3. We hold the trial court properly admitted physical evidence of the marijuana found in the vehicle. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion

occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law.").  The marijuana was relevant because it corroborated an officer's testimony that she smelled marijuana emanating from the vehicle.  *See* Rule 401, SCRE (Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); *State v. Stroman*, 281 S.C. 508, 510, 316 S.E.2d 395, 397 (1984) ("Evidence is admissible to corroborate the testimony of a previous witness, and whether it in fact corroborates the witness' testimony is a question for the jury." (quoting *State v. Bridwell*, 56 N.C. App. 572, 576, 289 S.E.2d 842, 845 (1982))).  In addition, we hold Stevenson's argument the marijuana was unfairly prejudicial to him was not preserved for appeal because he never objected to unfair prejudice at trial.  *See Jennings*, 394 S.C. at 481, 716 S.E.2d at 95 ("For an issue to be properly preserved it has to be raised to and ruled on by the trial court.").  Further, evidence of the marijuana was admissible because it was part of the *res gestae* of the possession and trafficking drug charges for which Stevenson stood trial because the marijuana smell in the vehicle explained how the traffic stop transformed into a vehicle search.  *See State v. King*, 334 S.C. 504, 512, 514 S.E.2d 578, 582 (1999) ("The *res gestae* theory recognizes evidence of other bad acts may be an integral part of the crime with which the defendant is charged, or may be needed to aid the fact finder in understanding the context in which the crime occurred."); *State v. Williams*, 321 S.C. 455, 462, 469 S.E.2d 49, 53 (1996) ("The rationale underlying the res gestae theory is that evidence of other criminal conduct that occurs contemporaneously with or is part and parcel of the crime charged is considered part of the res gestae of that offense.").  Finally, any error in admitting the marijuana was harmless because it was cumulative to competent testimony from a different police officer that he found marijuana in the vehicle.  *See Toyota of Florence, Inc. v. Lynch*, 314 S.C. 257, 266, 442 S.E.2d 611, 616 (1994) ("Evidence received without objection is competent."); *Kirton*, 381 S.C. at 37, 671 S.E.2d at 122 ("The admission of improper evidence is harmless where the evidence is merely cumulative to other evidence.").

**AFFIRMED.**[1]

**MCDONALD and VINSON, JJ., and BROMELL HOLMES, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.